## UNITED STATES v. ALUMINUM CO. OF AMERICA et al.

District Court, D. New York.
Feb. 8, 1939.

Walter L. Rice, Sp. Asst. to Atty. Gen. (John C. Herberg and F. Gwyn Harper, Jr., both of Washington, D. C., Norman A. Adler, of New York City, James S. Kemper, Jr., Ralph Anderson, Creighton R. Coleman, and Gareth M. Neville, all of Washington, D. C., of counsel), for the United States.

Hughes, Richards, Hubbard & Ewing, of New York City, and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and William Watson Smith, Frank B. Ingersoll, and Leon E. Hickman, all of Pittsburgh, Pa., of counsel), for Aluminum Co. of America et al.

Milbank, Tweed & Hope, of New York City (Morris Hadley, Timothy N. Pfeiffer, and Edgar P. Baker, all of New York City, of counsel), for Aluminum Limited et al.

Baldwin, Todd & Young, of New York City (Roger Sherman Baldwin and Walter W. K. Bennett, both of New York City, and A. L. Nash, of Manitowoc, Wis., of counsel), for Aluminum Goods Mfg. Co.

Hughes, Richards, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, of counsel), for Aluminum Manufactures, Inc.

CAFFEY, District Judge.

Yesterday I had before me a motion by Alcoa to quash a subpoena duces tecum dated January 6, 1939, which is Exhibit 574 for Identification. Items 7 and 8 have been disposed of,—at least for the present, —by agreement of counsel recorded in the minutes. So there are left for consideration items 1 to 6, 9 and 10.

As indicated yesterday, it seems to me better procedure that I first consider the undisposed of items as a group and announce my views as to the whole before taking them up separately.

The motion to quash is supported by affidavit. To that the Government has not supplied any affidavit in reply. My determinations, therefore, must turn on an examination of the face of the subpoena, the affidavit in opposition and the proof taken so far.

In view of the discussion of counsel yesterday, I have re-examined the disposition made last Spring of items 59(a) and 59(b) of the subpoena dated April 7, 1938. It seems to me plain, for the reasons given for quashing those items as recorded in the minutes, that the eight remaining items of the present subpoena are covered by what I then said.

As to the items now under review I feel that sustaining them in their existing form would constitute an invasion of the con-

stitutional right of Alcoa to be free from an unreasonable search; that the form in which they are phrased, if allowed, would amount to a general warrant.

As to the greater part of each of the several items (taken in its entirety) it is certain that there has been no showing whatever either of materiality or probable materiality of the documents called for as evidence at this trial. The principle governing and sustaining this conclusion is laid down in Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, and in Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786. I need not go into a discussion of those cases, because I have so frequently announced my views of them heretofore.

■ It is also to be observed that both in old Equity Rule 58, 28 U.S.C.A. following section 723, and in present Rule 34 of the Rules of Civil Procedure for this Court, 28 U.S.C.A. following section 723c, defining the powers of a district court to compel the production of documents, an essential prerequisite for allowance of a subpoena duces tecum is a showing of the materiality or, as put in one of the opinions to which I shall refer later, probable materiality of the documents as evidence.

The subpoena dated January 6, 1939, was obtained without application to the Court supported by affidavit or advance hearing thereon, pursuant to Rule 34. It was issued by the clerk, pursuant to Rule 45(b). In the latter rule a right to move to quash the subpoena is reserved to the person to whom it is addressed. The rule also specifies as a sufficient ground for quashing it that it is unreasonable and oppressive. It is true that it is not there stated in terms that the subpoena must be quashed in the absence of a showing that the documents called for are material or probably material. Nevertheless, I think the necessity for such showing is clearly implied.

■■ Rule 34 defines the authority of the Court. Rule 45(b) defines the authority of the clerk. The two rules relate to the same subject. Obviously they must be construed in pari materia. Otherwise there would result the absurdity that the clerk is granted more power than the court. As I see it, in consequence it follows that, when a subpoena duces tecum issued by the clerk comes before the court on motion to quash, absence of a showing that the documents contain evidence which is or probably is material is ground for granting the motion.

Moreover, if Rule 45(b) were interpreted as warranting issuance by the clerk of a subpoena duces tecum which, when brought before the court, would survive a motion to quash, though no showing were made of the materiality or probable materiality of the documents as evidence, it either would be invalid under the provisions of the Constitution or, at least, would raise a serious question as to whether or not it was invalid under the Constitution.

I, therefore, think Rule 45(b) must be taken as requiring a showing of materiality or probable materiality of the documents called for, as a condition to denying a motion to quash a subpoena issued by the clerk.

The Government relies on three cases for support of its contention that the items under consideration are valid. These are Nelson v. United States, 201 U.S. 92, 26 S.Ct. 358, 50 L.Ed. 673; Consolidated Rendering Co. v. State of Vermont, 207 U. S. 541, 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann. Cas. 658; and Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500. It is urged that the phraseology of these items is as restricted in form as were those in the subpoenas duces tecum there dealt with. I do not concur in that view.

I shall not go into an extended discussion of the cases cited. I shall merely point out one thing in each of them which seems to me adequate, in and of itself, to distinguish them.

In the Nelson case, 201 U.S. at pages 111 to 114, 26 S.Ct. 358, 50 L.Ed. 673, it appears that the court found as a fact that all the documents called for were material evidence.

The Consolidated Rendering Co. case came before the Supreme Court of the United States on writ of error to the Supreme Court of Vermont, 80 Vt. 55, 66 A. 790, 11 Ann.Cas. 1069. At pages 544 to 545, of 207 U.S., 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658, it appears that the State Court had found that all the documents called for were material evidence. At page 550 of 207 U.S., 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658, the Supreme Court of the United States said that it accepted, as under the general law it was bound to accept, the findings of the State Court. So the Consolidated Rendering Co. case is of no assistance to the Government any more than is the Nelson case. Both

turn on a showing having been made, and findings having followed from the showing, that the documents called for contained material evidence.

The Brown case involved a grand jury inquiry. There the court said, 276 U.S. at page 143, 48 S.Ct. 288, 72 L.Ed. 500, that the documents called for by the subpoena duces tecum were probably material evidence and that it had been shown that it called for what was probably material evidence. It was because of an expression in that case that I said last Spring, and I repeat now, that I incline to sustain subpoenas duces tecum when the showing made is that the documents called for are probably material.

█ I may remark further that I am inclined to think that this expression relates only to inquiries before grand juries or by similar bodies, such as the Federal Trade Commission or the Securities and Exchange Commission or other executive instruments of the Government acting under statutory authority to issue subpoenas duces tecum. In those instances manifestly it must frequently happen that the inquiring bodies cannot possess advance information as to what will turn up on the production of the documents called for. In consequence, as I see it, a court is obligated, in the light, as I conceive, of other provisions of the Constitution, and in order not to frustrate or embarrass an authorized inquiry, to construe a subpoena duces tecum for the production of documents before such bodies somewhat more favorably than it is permitted to do in an equity suit such as that with which we are now dealing.

I have examined the Items 1 to 6, 9 and 10. My impression is that, in some of these, documents are mentioned which are definitely described and which previous proof taken at this trial shows contain or probably contain material evidence. Before making a ruling on any of those items I will hear counsel. I will take up each of those two issues. However, after I have made a ruling it seems to me the duty of the court to reserve to Alcoa the right to a hearing after the documents are produced and examined by the court, without having been submitted to the Government, on the question as to whether or not they contain evidence which is material or probably material at this trial.

I assume that the Government will desire to have part of the documents called for by these items rather than stand upon the subpoena in its present form. If not, however, then the court will be forced to grant the motion to quash the subpoena in its entirety.