## 403–411 EAST 65TH STREET CORPORATION v. FORD MOTOR CO. et al.

District Court, S. D. New York.
March 13, 1939.

George B. Levy, of New York City (George B. Levy and John D. Swartz, both of New York City, of counsel), for plaintiff.

Kellogg, Emery & Inness-Brown, of New York City (Malcolm A. Crusius, of New York City, of counsel), for defendant Ford Motor Co.

LEIBELL, District Judge.

This is a motion to quash a subpoena duces tecum under Rule 45(b) of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The subpoena commanded the production of the following records at an examination before trial of an employee of defendant, Ford Motor Company:—

"1. All books, papers, records, memoranda, checks, correspondence, cancelled vouchers and all other documents and papers relating to the leasing and/or subleasing of the garage located at No. 401-411 East 65th Street, Borough of Manhattan, New York City.

"2. Together with all such documents, books and papers in the possession of Ford Motor Company which relate to the business of Park Central Motors, Inc. and/or Park Central Motors Service, Inc.

"3. And all such books, papers, records, memoranda, checks, correspondence, cancelled vouchers and all other docu-

ments and papers relating to Dutee Wilcox Flint, Arthur Brisbane and Reclamation & Building Corporation.

"4. And all other evidences and writings which are in the custody of Ford Motor Company and which relate to the causes of action set forth in the complaint herein."

Rule 45(b) provides:—"(b) For Production of Documentary Evidence. A subpoena may command the person to whom it is directed to produce the books, papers, or documents designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, or documents."

I am of the opinion that the first part of the subpoena, as set forth above, is a sufficient designation of the documents required to be produced and is not unreasonable. The materiality of the documents is shown by the complaint and answer in this action. Although some time-limitation is usually required to prevent a subpoena duces tecum from being too broad (Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500) in respect to the period covered by the subpoena, I think that there is a sufficient limitation placed upon the documents requested, when considered in connection with the facts of the case as set forth in the complaint.

The second and fourth subdivisions of the subpoena as above set forth, are too broad and sweeping and should be quashed. Their materiality and relevancy are not apparent. Under the circumstances they are unreasonable. "Fishing expeditions" for the purpose of constructing a case are frowned on by the courts. See Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842.

Subdivision (3) of the subpoena as above set forth is subject to similar criticism, in its present form. If counsel adds thereto a limitation such as was suggested on the oral argument, so that the documents requested will be those relating to the leasing of the premises, #3–17 East 102nd Street, as alleged in the complaint,

I think that the third subdivision of the subpoena will be proper.

The motion to quash the subpoena is denied; but the person subpoenaed need not comply with subdivisions (2) and (4) thereof as herein indicated, and in respect to subdivision (3) will comply with the subpoena with the limitations above indicated. Submit order on notice.