### CHASE NAT. BANK OF CITY OF NEW YORK v. PORTLAND GENERAL ELECTRIC CO. (DELZELL et al., Interveners).

District Court, S. D. New York.

May 27, 1942.

Milbank, Tweed & Hope, of New York City (William Dean Embree, of New York City, and Alfred A. Hampson, of Portland, Or., of counsel), for plaintiff.

Ralph H. King, of Portland, Or., for defendant interveners.

GODDARD, District Judge.

Defendant has served plaintiff with several subpoenas duces tecum. Plaintiff moves to quash items (C) and (D) in the subpoena dated April 28, 1942; item (F) in the subpoena dated April 30, 1942; items (E) and (F) in the subpoena dated May 5, 1942; and items (A) and (C) in the subpoena dated May 6, 1942.

Plaintiff moves on the ground that the subpoenas are unreasonable, oppressive and are not material to the issues involved.

The principal issue in the suit is whether the notes in question represent a valid indebtedness. Defendant's contention is that they were given without consideration.

Reference to other decisions involving subpoenas duces tecum are not very helpful, except in so far as they reflect the general purpose and application of the rule authorizing the use of a subpoena to secure the production of documentary evidence. While considerable latitude is permitted in securing the production of documents and records, the court should be careful to see that the right to subpoena shall not be exercised to the extent that it degenerates into a pure "fishing expedition" and an unreasonable burden upon the one having documents and records in its possession. When the right to production is challenged by a motion to quash a subpoena duces tecum, the party issuing the subpoena must show that the documents and records sought are material or relevant to the issues in litigation. United States v. Aluminum Company of America, 1 F. R.D. 57; 403–411 East 65th Street Corporation v. Ford Motor Company, et al., D.C., 27 F.Supp. 37.

It does not appear that items (C) and (D) of the subpoena dated April 28, 1942 call for records which are or may be material to the issues. While the rule does not limit the production of papers which are relevant, with some exceptions

not now pertinent, it must appear that the papers called for are relevant. Some of these mentioned in these items, if limited to a certain period, may be material; but as it now stands the demand is entirely too broad and unreasonable. If such a sweeping demand were sustained, then the requirement that it must appear that the records called for must be shown to be relevant or probably relevant, would disappear. The motion to quash these items is granted.

Item (F) of subpoena dated April 30, 1942. I have some doubt regarding the materiality of any of the records called for in this item; but the item demanded is too broad as it now stands and will be limited to the production of such records in this group which indicate or show knowledge by the plaintiff as to what companies or individuals controlled Portland Electric Power Company and who were the owners of the stock of the Seaboard Investment Trust Company for the period of two years beginning June 1, 1930.

Items (E) and (F) of subpoena dated May 5, 1942. If plaintiff supplies defendant with proof of the actual times and places of meetings referred to and the names of those attending, this, as I indicated on the argument, will be sufficient.

Items (A) and (C) of subpoena dated May 6, 1942. Item (A) is limited to such portions of the minutes referred to which relate to salaries of plaintiff's officers or relate to approval of loans by plaintiff to syndicates in which the Chase Securities Corporation was interested. Item (C). Criticism by the National Bank Examiner or his comments contained in his report for 1929 are not admissible in evidence. Explanation or statements made by plaintiff and included in the report of the Bank Examiner which refer to transactions or loans relevant to the present issues, are admissible in evidence. Item (C) is limited to the extent that the plaintiff shall produce only such portions of the report.

Order in accordance with the above to be settled on notice.