FERNANDO J. CORTÉS, ETC., Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1594. Argued May 21, 1945.—Decided June 25, 1945.

C. Coll Cuchí for petitioner. *Luis Blanco Lugo* for intervener, defendant in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Clasa Films, *S. en C. V. A.*, filed an action against Succrs. of Charles Vere, Inc., for breach of contract, accounting, and damages. The complaint was based on a contract between Succrs. of Charles Vere, Inc., and Grovas & Co., of Mexico, of whom Clasa Films, *S. en C. V. A.*, are privies in respect to the contract.

By virtue of this contract Grovas & Co. was bound to send to Succrs. of Charles Vere, Inc., to be exhibited exclusively in Puerto Rico and Santo Domingo, all the films that could be produced or controlled by Grovas & Co. during the life of the contract, that is, since April 7, 1941, until April 30, 1942. It was stipulated in the contract that the films received by Succrs. of Charles Vere, Inc., should continue to be operated by it for five years after the opening night of each one of them. There are other conditions in the contract which are not pertinent to the question under consideration.

It was alleged in the complaint that Succrs. of Charles Vere, Inc., notified the plaintiff that it did not wish to renew the contract and that the films that it had on hand were at the disposal of the plaintiff, and asked the latter to take charge of them or to designate the person to whom they could be delivered; the plaintiff requested Succrs. of Charles Vere, Inc., to continue in possession of the films which had been sent within the term of the contract, and to continue operating them under the conditions of the contract until the plaintiff could get someone in Puerto Rico to take charge of them, to which defendant consented; but that when the plaintiff asked defendant to deliver the films, as agreed, the latter refused to do so and alleged that plaintiff had to pay a

certain amount of money for the expenses which it had incurred in connection with said films. Based on these facts and in others which we shall presently refer to, the plaintiff brought the action, substantially alleging that the defendant refused to deliver the films, that the accounts rendered were inaccurate, and prayed for judgment for the amount of twelve thousand dollars for damages sustained according to the allegations of the first cause of action; that defendant be ordered to render an accurate and detailed account of the proceeds from the films which defendant was unlawfully withholding and operating in Puerto Rico, and lastly that it be adjudged to pay also the amount of $4,200 for the damages flowing from their negligent and careless handling of said films.

The defendant answered, admitting some facts and denying others, and filed a counterclaim alleging that it had performed the contract in all its parts, but that on the other hand, the plaintiff had broken it, and prayed for a certain amount for damages which it had allegedly suffered by reason of plaintiff's breach of contract.

In order to prove the allegations of its counterclaim, the defendant sought and obtained from the lower court a subpoena *duces tecum* directing Fernando J. Cortés, as manager of the firm Fernando J. Cortés e Hijos, of San Juan, to appear on the day of the trial and produce the following documents:

"1. The original contract or contracts of distribution executed by Clasa Films S.A. of Mexico and/or Grovas & Co. and Fernando Cortés e Hijos since December 1942 up to the present.

"2. Contracts of exhibition executed by Fernando Cortés e Hijos and theatrical firms of Puerto Rico and Santo Domingo of films of the Clasa Films S.A. and/or Grovas & Co. either of its manufacture or distribution.

"3. Record of liquidations and incomes of all the films of Clasa Films S.A. and/or of the Grovas make exhibited in Puerto Rico from December 1942 until March 31, 1945, under the distribution of Fernando Cortés e Hijos."

Fernando J. Cortés e Hijos appeared in the district court and upon the case being called for trial filed a motion seeking the annulment of the order of subpoena *duces tecum*. It alleged that the motion which had given rise to said order was so vague and inaccurate that it constituted a "fishing expedition" and that the pleading showed that the evidence requested was immaterial to the points at issue. The court heard the parties and overruled the motion of Fernando J. Cortés e Hijos. The latter moved for a reconsideration, and upon its denial filed in this Court the petition for certiorari herein.

■ The proceeding followed by Fernando J. Cortés e Hijos to quash the subpoena falls within the purview of Rules 34 and 45(*b*) of Civil Procedure,[1] which regulate the matter of subpoena. Although Rule 45(*b*) does not expressly provide that the evidence requested by means of a subpoena *duces tecum* must be material to any of the questions involved in the action, it has been repeatedly held that this prerequisite is impliedly contained in Rule 45(*b*), and since both rules govern the same subject and should be considered in pari materia, the provisions of one complement and explain those of the other. *United States* v. *Aluminum Co. of*

---

[1] Rules 34 and 45 provide in their pertinent part as follows:

Rule 34. "(*a*) Inspection of Documents and Examination of Real Property.—Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, *which constitute or contain evidence material to any matter involved in the action* and which are in his possession, custody, or control; . . ." (Italics ours.)

Rule 45. "(*b*) For Production of Documentary Evidence.—A subpoena may also command the person to whom it is directed to produce the books, papers, or documents designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the cost of producing the books, papers, or documents."

*America,* 1 F.R.D. 57. But apart from the provisions of Rule 34(*a*), the requiring of a person to produce evidence in his possession not material to the questions involved in an action, constitutes a violation of his constitutional rights against unreasonable searches, *United States* v. *Aluminum Co. of America, supra; Fed. Trade Comm.* v. *Amer. Tobacco Co.,* 264 U. S. 298 (1924), and consequently Rule 45(*b*) should be construed as above stated.

▮▮▮▮ According to the decisions construing Rule 45(*b*), once the subpoena is attacked by a witness on the ground that the evidence required is not material to the questions involved, it is incumbent on the party who has moved for the subpoena to prove to the court that the evidence is material or probably material to any of the items involved in the suit. And if the materiality of the evidence required is not established, it is the duty of the court to quash the subpoena *duces tecum. United States* v. *Aluminum Co. of America, supra; Chase National Bank* v. *Portland General Electric Co.,* 6 Fed. Rules Serv. 45b. 311, Case 1; *United States* v. *National City Bank,* 4 Fed. Rules Serv. 45b. 311, Case 1. Cf. *Fed. Trade Comm.* v. *Amer. Tobacco Co., supra.* Consequently, if the evidence called for in the subpoena *duces tecum* is not material to any of the questions involved, we shall hold that the lower court "erred in refusing to quash the subpoena *duces tecum* as was timely applied for by Fernando J. Cortés e Hijos. The conclusion we have just arrived leads us to determine whether the evidence required by the subpoena *duces tecum* was material according to the pleadings of the main suit.

1. Since the defendant's contract expired on April 30, 1942, and the plaintiff's obligation to supply films to the defendant had since ceased, the latter being entitled to retain for a period of five years from their first opening the films it had on hand, what bearing to the present suit may the contracts entered into between the plaintiff and Fernando J. Cortés e Hijos since April 30, 1942, have, especially if we

take into consideration that the contract entered into between the plaintiff and the defendant expired on April 30, 1942?

In our judgment this evidence is clearly immaterial, and therefore Fernando J. Cortés e Hijos is not bound to produce it.

2. If the duty of the plaintiff or of its privies, was to furnish the films that it produced or controlled from April 7, 1941, until April 30, 1942, and the films which it delivered during the existence of the contract were retained by the defendant and continued to be exhibited, and the contract was not renewed, what materiality have the contracts of exhibition agreed between Fernando J. Cortés e Hijos and theatrical enterprises of Puerto Rico and Santo Domingo, if those contracts do not refer to films produced or controlled by the plaintiff or its predecessors during the life of the contract, that is, between April 7, 1941, and April 30, 1942?

3. By the same token, the records of liquidations of films produced or controlled by the plaintiff or its predecessors in interest from December 1942 until March 31, 1945, distributed in Puerto Rico and Santo Domingo by Fernando J. Cortés e Hijos, are also irrelevant to the matters at issue.

It may be argued, perhaps, that these liquidations are relevant to prove the benefit that might have yielded to the defendant the films which could have been exhibited if the contract, as it alleges, had not been broken by the plaintiff; but if account is taken of the fact that each film is a separate business, the success of which depends mainly on the film itself, some of the films being economically successful while others are real failures, and if account is taken of the fact that the films exhibited by Fernando J. Cortés e Hijos are different from those which the plaintiff received during the life of the contract, which it still exhibits despite its contention that plaintiff broke the contract, we shall readily see that said evidence is irrelevant to show the alleged dam-

ages which the defendant claims to have suffered in connection with the films which were delivered to it during the term of the contract.

For the reasons stated the order of the court upholding the subpoena *duces tecum* should be annulled and the record remanded to the lower court for further proceedings not inconsistent with this opinion.