**166**

Fernando J. Cortés, haciendo negocios bajo el nombre de Fernando J. Cortés e Hijos, peticionario, *v.* Corte de Distrito de San Juan, Hon. Emilio S. Belaval, Juez, demandada.

Núm. 1594.—*Sometido:* Mayo 21, 1945. *Resuelto:* Junio 25, 1945.

*C. Coll Cuchí,* abogado del peticionario; *Luis Blanco Lugo,* abogado de la interventora, demandada en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Clasa Films, S. en C. V. A., radicó un pleito contra Sucrs. de Charles Vere, Inc., sobre incumplimiento de contrato, rendición de cuentas y daños y perjuicios. La demanda se basó en un contrato que Sucrs. de Charles Vere, Inc., celebró con Grovas y Cía., de Méjico, de quien Clasa Films, S. en C. V. A., trae causa.

A virtud de dicho contrato Grovas y Cía. se obligó a enviar a Sucrs. de Charles Vere, Inc., para la exhibición exclusiva en Puerto Rico y Santo Domingo, todas las películas que pudiere producir o controlare Grovas y Cía. durante el término del contrato, es decir, desde el 7 de abril de 1941

hasta el 30 de abril de 1942. Se estipuló en el contrato que las películas que fuese recibiendo Sucrs. de Charles Vere, Inc., continuaría explotándolas por cinco años a partir de la fecha del estreno de cada una de ellas. Existen otras condiciones del contrato que no son pertinentes a la cuestión que nos ocupa.

Se alegó en la demanda que Sucrs. de Charles Vere, Inc., notificó a la demandante que no deseaba renovar el contrato y que las películas que tenía en su poder quedaban a disposición de la demandante, y la requería para que se hiciese cargo de ellas o designase la persona a quien podía entregarlas; que la demandante suplicó a Sucrs. de Charles Vere, Inc., que continuase en posesión de las películas que le habían sido enviadas dentro del término del contrato, y continuara explotándolas bajo las condiciones del contrato hasta tanto la demandante consiguiese en Puerto Rico quien se hiciera cargo de ellas, a lo cual accedió la demandada; pero que cuando la demandante la requirió que entregase las películas, según la demandada había ofrecido hacerlo, se negó a ello alegando que la demandante tenía que pagarle cierta cantidad de dinero por concepto de gastos que había tenido en relación con dichas películas. Con tal motivo la demandante instó el pleito a que venimos refiriéndonos, y en adición a los hechos antes expuestos alegó sustancialmente en la demanda que la demandada se negaba a entregarle las películas y que las cuentas que le había rendido eran inexactas, y solicitaba sentencia a su favor por la cantidad de doce mil dólares por concepto de daños sufridos de acuerdo con las alegaciones de la primera causa de acción; que se le condenase a rendir una cuenta exacta y detallada de lo producido por las películas que la demandada retenía ilegalmente en su poder y explotaba en Puerto Rico, y por último que se le condenase a pagar además la suma de cuatro mil doscientos dólares por los daños que habían sufrido las películas debido a la negligencia y falta de cuidado con que las trató la demandada.

A esta demanda contestó la demandada, aceptando unos hechos y negando otros, y contrademandó, alegando que había cumplido con el contrato en todas sus partes, mientras que la demandante lo había quebrantado, y solicitó cierta cantidad de daños y perjuicios que alegaba haber sufrido por motivo del quebrantamiento del contrato por parte de la demandante.

A los efectos de probar las alegaciones de su contrademanda, la contrademandante solicitó y obtuvo de la corte inferior una citación *duces tecum* dirigida a Fernando J. Cortés, como gerente de la firma Fernando J. Cortés e Hijos, de San Juan, requiriéndole para que compareciese el día del juicio trayendo consigo los siguientes documentos:

"1. Contrato o contratos originales de distribución celebrados entre Clasa Films S. A. de Méjico y o Grovas y Cía. y Fernando Cortés e Hijos desde diciembre de 1942 a esta fecha.

"2. Contratos de exhibición celebrados entre Fernando Cortés e Hijos y empresas teatrales de Puerto Rico y Santo Domingo de películas de la Clasa Films S. A. y o Grovas y Cía. bien de su manufactura o de su distribución.

"3. Hojas de liquidaciones y estado de ingresos de todas las películas de la Clasa Films S. A. y o de la marca Grovas exhibidas en Puerto Rico desde diciembre de 1942 al 31 de marzo de 1945 bajo la distribución de Fernando Cortés e Hijos."

Fernando J. Cortés e Hijos compareció ante la corte de distrito y al ser llamado el caso para juicio presentó una moción interesando que se anulase la orden de citación duces tecum. Alegó que la moción que había motivado la expedición de la citación duces tecum era tan vaga e imprecisa que constituía una "expedición de pesca," y que de las alegaciones del pleito resultaba que la evidencia solicitada era impertinente a las cuestiones envueltas en el mismo. La corte oyó a las partes y sostuvo la orden de citación. Fernando J. Cortés e Hijos solicitó la reconsideración, y siéndole denegada presentó en este Tribunal la petición de *certiorari* que nos ocupa.

■ El procedimiento seguido por Fernando J. Cortés e Hijos para solicitar la nulidad de la citación duces tecum se ajusta a las prescripciones de las Reglas 34 y 45(*b*) de Enjuiciamiento Civil,(¹) que regulan la materia de citaciones duces tecum. Si bien la Regla 45(*b*) no dispone expresamente que la evidencia solicitada por medio de una citación duces tecum tenga que ser pertinente a cualquiera de las cuestiones envueltas en el litigio, se ha resuelto repetidamente que esa condición se halla implícitamente contenida en dicha Regla 45(*b*), y que como las dos reglas tratan del mismo asunto y se consideran *in pari materia,* las disposiciones de una completan y aclaran las de la otra. *United States* v. *Aluminum Co. of America,* 1 F.R.D. 57. Pero aparte de la disposición de la Regla 34(*a*), el exigir a una persona que presente evidencia en su poder que no sea pertinente a las cuestiones envueltas en un litigio, violaría la garantía constitucional contra registros arbitrarios, *United States* v. *Aluminum Co. of America,* supra; *Fed. Trade Comm.* v. *Amer. Tobacco Co.,* 264 U. S. 298 (1924), y por lo tanto siempre habría necesidad de interpretarse la Regla 45(*b*) en el sentido ya indicado.

■■ De conformidad con la jurisprudencia interpretativa de la Regla 45(*b*), una vez que el testigo impugna la cita-

---

(¹)En lo pertinente, las reglas 34 y 45(*b*) prescriben:

Regla 34. "(*a*) Inspección de Documentos y Examen de Propiedades Inmuebles.—A moción de cualquier parte que demuestre justa causa para ello y mediante notificación a todas las otras partes la corte ante la cual estuviere pendiente una acción podrá (1) ordenar a cualquier parte que exhiba y permita la inspección y copia o fotografía, por o a nombre de la parte promovente, de determinados documentos, papeles, libros, cuentas, cartas, fotografías, objetos o cosas tangibles, no privilegiadas, *que constituyan o contengan evidencia pertinente a cualquier cuestión envuelta en la sección* y que estuvieren en o bajo su poder, custodia o control; . . ." (Bastardillas nuestras.)

Regla 45. "(*b*) Para la Producción de Evidencia Documental.—Una citación *(subpoena)* podrá también ordenar a la persona a quien vaya dirigida que produzca los libros, papeles o documentos designados en la misma; pero la corte a moción prontamente presentada y en todo caso en o antes del tiempo especificado en la citación para que se cumpla la misma, podrá (1) dejar sin efecto la citación, si la misma fuere irrazonable y opresiva; o (2) imponer la condición de que la misma será denegada si la parte a cuyo favor se expide no adelanta el coste de presentar los libros, papeles o documentos."

ción por el defecto de que la evidencia solicitada no es pertinente a las cuestiones envueltas, incumbe a la parte que ha solicitado la citación satisfacer a la corte de que tal evidencia es pertinente o probablemente pertinente a cualquiera de las cuestiones envueltas en el litigio. Y en caso de no establecerse la pertinencia de la prueba solicitada, es el deber de la corte anular la expedición de la citación duces tecum, es decir, negarse a hacerla cumplir. *United States* v. *Aluminum Co. of America,* supra; *Chase National Bank* v. *Portland General Electric Co.,* 6 Fed. Rules Serv. 45b. 311, Case 1; *United States* v. *National City Bank,* 4 Fed. Rules Serv. 45b. 311, Case 1. *Cf. Fed. Trade Comm.* v. *Amer. Tobacco Co.,* supra. Por consiguiente, si la evidencia solicitada en la citación duces tecum no resulta pertinente a cualquiera de las cuestiones envueltas, tendremos que sostener que en tal caso erró la corte inferior al negarse a anular la orden de citación duces tecum, tal y como oportunamente lo solicitó Fernando J. Cortés e Hijos. La conclusión que acabamos de exponer nos lleva a determinar si la evidencia requerida por la citación duces tecum es o no pertinente a la luz de las alegaciones del pleito principal.

1. Si el contrato celebrado entre las partes venció el 30 de abril de 1942, y desde entonces cesó la obligación de la demandante de enviar películas a la contrademandante, y ésta podía retener las películas que había recibido hasta que fuera venciendo el término de cinco años a partir de la fecha de sus respectivos estrenos, ¿qué pertinencia tienen con el pleito los contratos que pueda haber celebrado la demandante con Fernando J. Cortés e Hijos desde diciembre 1942 hasta la fecha, si tenemos en cuenta que el contrato celebrado entre la demandante y la contrademandante había expirado desde el 30 de abril de 1942?

A nuestro juicio esa evidencia es claramente impertinente, y por consiguiente no puede exigirse a Fernando J. Cortés e Hijos que la presente.

2. Si la obligación de la demandante o de las firmas de que trae causa, era suplir las películas que produjera o controlara, desde el 7 de abril de 1941 hasta el 30 de abril de 1942, y las películas que entregó durante el término del contrato las conservó la contrademandante y siguió exhibiéndolas, y el contrato no fué renovado, ¿qué pertinencia pueden tener los contratos de exhibición celebrados entre Fernando J. Cortés e Hijos y empresas teatrales de Puerto Rico y Santo Domingo, si esos contratos no se refieren a películas producidas o controladas por la demandante o sus antecesoras dentro de la fecha del contrato, es decir, entre el 7 de abril de 1941 y el 30 de abril de 1942?

3. Por las mismas razones, tampoco son pertinentes a las cuestiones envueltas las hojas de liquidación de películas producidas o controladas por la demandante o sus antecesoras en interés desde diciembre 1942 hasta el 31 de marzo de 1945, distribuídas en Puerto Rico y Santo Domingo por la firma Fernando J. Cortés e Hijos.

Podría quizás argüirse que estas liquidaciones eran pertinentes para probar lo que debieron producir a la contrademandante las películas que pudo haber exhibido si el contrato, según ella, no hubiera sido quebrantado por la demandante, pero si se tiene en cuenta que cada película es un negocio por sí, dependiendo el éxito de ese negocio principalmente de la película misma, algunas de las cuales tienen éxito comercial, mientras otras resultan verdaderos fracasos, y si se tiene en cuenta que las películas que exhibió Fernando J. Cortés e Hijos son distintas de las recibidas por la demandante dentro del año del contrato, las cuales continúa exhibiendo no obstante alegar que la demandante quebrantó su contrato, se comprenderá que tal prueba es impertinente para demostrar los supuestos daños y perjuicios que alega haber sufrido la contrademandante en relación con las películas que le fueron entregadas dentro del año del contrato.

*Por las razones expuestas, procede anular la resolución de la corte inferior que dejó subsistente la citación duces tecum, debiendo devolverse los autos a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

