## ELLIS–FOSTER CO. v. REICHHOLD CHEMICALS, Inc.

District Court, S. D. New York.
Sept. 25, 1947.

Mann & Burrows, of New York City, for plaintiff.

H. C. Bierman, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff moves, pursuant to Rule 45(b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for an order quashing the subpoena duces tecum issued out of this court under date of September 8, 1947, directed to William D. Burrows, Vice President of the plaintiff corporation.

The action is pending in the United States District Court for the District of New Jersey.

Under date of September 2, 1947, defendant gave notice of the taking of the deposition of the witness on the same day as the return date of this motion. The examination has been adjourned pending the disposition thereof.

The subpoena duces tecum here involved required the production of certain documents and records. In support of the motion plaintiff contends defendant sought to have the production of substantially the same documents as those here sought and brought on a motion June 10, 1946, for such relief in the forum where the action is pending and plaintiff insists that said motion was denied. Defendant, on the other hand, contends that the plaintiff offered to make a search of its records and to voluntarily give the information sought by defendant without the necessity for a court order; that the Court accepted the voluntary offer of plaintiff stating that this information should be given to defendant prior to November 1, 1946; that the court did not enter any order but stated that the minutes of the hearing would show the circumstances. No such minutes or transcript thereof have been produced on this motion. Defendant asserts that the Court further stated at said hearing that if the disclosure given to defendant by plaintiff was unsatisfactory, defendant would have the privilege of re-opening the matter as it might elect; that plaintiff filed a statement on October 26, 1946, but did not produce any documents at all.

The deposition of Nathaniel L. Foster, President of the plaintiff, was taken on August 12, 1947, and defendant's attorney quotes from the record:

"Mr. Burrows (the witness now sought to be examined): I should also like to note that the notice of taking testimony requests the production of certain documents. These documents are not produced at this time as it appears that some of the documents requested have been previously requested by the defendant and Judge Meaney in his ruling on such production denied defendant's request."

This court is, therefore, unable to pass upon the merits of this motion and effect substantial justice between the parties. The complaint and answer are not before it, and it cannot be said, on the presentation here made, that the documents sought

are material, or probably material, or constitute or contain evidence. See, United States v. Aluminum Co. of America, D.C., 1 F.R.D. 57 and 62; 403-411 East 65th St. Corp. v. Ford Motor Co., D.C., 27 F.Supp. 37.

In the light of the conflicting statements of the attorneys for the respective parties as to whether the District Court for New Jersey has passed upon an application for similar relief, and in view of the fact that this court cannot determine the materiality of the items sought without the record before it, the motion is granted, but without prejudice to the rights of the defendant to seek the production of the documents sought by application to the District Court for New Jersey under any of the Federal Rules it may feel applicable, or failing therein, to renew the application here upon proper papers. Settle order on notice.