EL PUEBLO DE PUERTO RICO, REPRESENTADO POR SU GOBERNADOR HON. LUIS MUÑOZ MARÍN, demandante y apelado, *v.* CROBERTO SOLER, demandado y apelante.

Número 10780.

*Sometido:* 2 de febrero de 1953. *Resuelto:* 6 de marzo de 1953.

*F. Navarro Ortiz* y *Domínguez & Domínguez,* abogados del apelante; *J. B. Fernández Badillo, Secretario de Justicia Interino* y *Omar Cancio Sifre, Procurador Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

Croberto Soler desempeñaba el cargo de Administrador de Institución II en el Departamento de Salud, con un sueldo anual de $2,904. El Comisionado lo designó Administrador del Hospital Antituberculoso. Para que desempeñara los deberes de dicho cargo, se le cedió el uso, como residencia, de una casa propiedad del Pueblo de Puerto Rico. El 28 de mayo de 1951 el Comisionado envió a Soler una comunicación informándole que había sido destituído de su cargo de Administrador de Institución II en el Departamento. Soler apeló de la actuación del Comisionado para ante la Junta de Personal. Desde que fué destituído, Soler no ha prestado servicios al Departamento de Salud y se ha negado a desalojar la casa que ocupaba como su residencia en virtud del cargo que desempeñaba. El Pueblo de Puerto Rico radicó este pleito de desahucio contra Soler para desalojar a éste de la referida casa. Luego de un juicio en los méritos, el anterior tribunal de distrito dictó sentencia a favor del demandante, contra la cual el demandado ha apelado.

La contención principal del demandado es que el anterior tribunal de distrito cometió error al negarse a permitirle demostrar que su destitución fué ilegal. Creemos que el anterior tribunal de distrito actuó con toda corrección

al llegar a ese resultado. A tenor con la sección 31 (a) de la Ley núm. 345, Leyes de Puerto Rico, 1947 ( (1) pág. 595), según fué enmendada por la Ley núm. 214, Leyes de Puerto Rico, 1951 ( (1) pág. 599), el demandado tenía derecho a apelar, como apeló, a la Junta de Personal contra la actuación del Comisionado decretando su destitución. Si la decisión de la Junta le fuera desfavorable, Soler tenía derecho de conformidad con la sección 31 (a) a una revisión sobre cuestiones de derecho por el Tribunal Superior de la demarcación en que él trabajaba, pero las "conclusiones sobre hechos a las cuales llegare la Junta serán aceptadas" por el Tribunal Superior, cuya decisión "será definitiva". *Cf. Villaronga, Comisionado* v. *Tribunal de Distrito*, ante pág. 331. De los autos no se desprende qué resolución ha tomado la Junta, de haber tomado alguna, en cuanto a la apelación del demandado. Por consiguiente el caso se rige por la regla de que los tribunales no intervendrán cuando la parte perdidosa no ha agotado su remedio administrativo. *Medina* v. *Hato Rey Realty Co.* 72 D.P.R. 638; *Sierra, Com.* v. *South P. R. Sugar Co.*, 73 D.P.R. 157, 164, y casos allí citados.

El demandado pudo haber levantado dentro del procedimiento ante la Junta todas las cuestiones que ahora trata de dilucidar en el caso de desahucio, incluyendo la alegada falta de formulación de cargos y de una oportunidad de ser oído. Pero su destitución, que se presume legal a menos y hasta que sea dejada sin efecto por la Junta o por los tribunales a tenor con la sección 31 (a), eliminó su derecho a ocupar la casa de igual forma que eliminó su derecho a permanecer en el cargo y a percibir el sueldo. Véase la sección 2 (b) de la Ley núm. 411, Leyes de Puerto Rico, 1947 ( (1) pág. 797), según fué enmendada por la Ley núm. 27, Leyes de Puerto Rico, Cuarta y Quinta Sesiones Extraordinarias, 1947, pág. 397. El demandado, negándose a desalojar la casa, no puede destruir el propósito de un caso de desahucio intentando dilucidar en el mismo la validez de su destitución. Permitir esto equivaldría a soslayar las disposiciones de la

sección 31 (*a*) que requiere que un empleado destituído recurra primeramente a la Junta, que otorga a ésta como agencia especializada, y no a los tribunales, la función de hacer las conclusiones de hecho, y que provee una revisión judicial que de ordinario finaliza en el Tribunal Superior. *Cf. Villaronga, Comisionado* v. *Tribunal de Distrito*, supra.

█ El demandado también se queja de la actuación del anterior tribunal de distrito al negarse a expedir una citación dirigida al Procurador General para que trajera ciertos documentos. Pero el demandado indicó durante el juicio que se proponía presentar en evidencia estos documentos en cuanto a la validez de su destitución. Toda vez que hemos resuelto que esta cuestión no podía litigarse dentro del pleito de desahucio, los documentos envueltos no constituían materia pertinente a cualquiera de las cuestiones envueltas en el litigio. Por consiguiente, el anterior tribunal de distrito no cometió error al negarse a expedir una citación al Procurador General para que trajera dichos documentos.

Artículos 472–73, Código de Enjuiciamiento Civil, ed. 1933; *People* v. *Keith Ry, Equipment Co.*, 161 P.2d 244, 256. Y véase *Cortés* v. *Corte*, 65 D.P.R. 166.

*La sentencia del anterior tribunal de distrito será confirmada.*