LUCE & Co., S. EN C., peticionaria, *v.* JUNTA DE SALARIO MÍNIMO DE PUERTO RICO, demandada.

Núm. 11.—*Resuelto:* Mayo 31, 1944.

*Hartzell, Kelley & Hartzell* y *J. L. Novas,* abogados de la recurrente; *Hon. Procurador General Interino M. Rodríguez Ramos, Gabriel Guerra-Mondragón* e *Ismael Soldevila,* abogados de la recurrida; *Philip F. Herrick,* como *amicus curiae,* a nombre de los Estados Unidos dè América.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En este caso fueron anulados los decretos números 2 y 3 promulgados el día 27 de febrero de 1943 por la Junta de Salario Mínimo de Puerto Rico. *Luce & Co.* v. *Junta Salario Mínimo,* 62 D.P.R. 452. Se alegaba por la peticionaria que varios miembros de là Junta que estuvieron ausentes de las audiencias en las cuales se recibió la prueba que sirvió de base a dichos decretos, participaron en la resolución sin que los referidos miembros tuviesen conocimiento de la prueba en qüe se.basó la citada resolución de la Junta. Se devolvió el caso a la Junta para que en relación con el decreto número 3 siguiese los procedimientos pertinentes a fin de determinar si en efecto los miembros de la Junta que en cualquier momento estuvieron ausentes de las sesiones, leyeron las partes correspondientes del récord antes de dictarse el aludido de-

creto, y en caso de no haberlas leído, que leyeran dichas partes del récord. La sentencia fué aclarada por la resolución dictada el 2 de febrero de 1944 en el caso de *Rubert Hermanos, Inc.* v. *Junta Salario Mínimo*,[1] diciéndose:

"A ese efecto, ordenamos que los casos recurridos sean devueltos a la Junta para que resuelva dicha controversia[2] luego de oír la evidencia que ofrezcan los recurrentes y la que en contrario pudiere presentarse. Si la resolución fuere adversa a la contención de los recurrentes, la Junta devolverá los casos a este Tribunal para disponer de ciertas cuestiones que no fué necesario considerar dada la conclusión a que llegamos respecto a la nulidad del decreto número 3. Mientras tales cuestiones se resuelven por este Tribunal, no alteraremos nuestra decisión anulando el decreto número 3, ya que sería inútil dejarla sin efecto para volverla a restablecer si la resolución que se dictare sobre dichas cuestiones pendientes así lo exigiese. Si la resolución de la Junta por el contrario sostiene la contención de los recurrentes, procederá entonces, de acuerdo con nuestra sentencia, a dar a sus miembros que no oyeron la evidencia ni leyeron el récord, la oportunidad de leerlo, hecho lo cual dictará una nueva resolución que sirva de base al nuevo decreto que expedirá en sustitución del actual decreto número 3."

De conformidad con la aclaración a que acabamos de referirnos, la Junta celebró una audiencia en la cual las partes presentaron evidencia en relación con el punto en controversia. Por los méritos de esa evidencia la Junta dictó una resolución sosteniendo que los miembros que estuvieron ausentes durante parte de la audiencia celebrada a los fines de la aprobación de los decretos, al participar en la resolución aprobándolos actuaron con pleno conocimiento de la prueba presentada durante sus respectivas ausencias. Basó esta conclusión la Junta en que los referidos miembros habían leído el récord en su totalidad con excepción de lo poco que

[1] El caso de *Rubert Hermanos, Inc.*, supra, fué resuelto el 23 de septiembre de 1943 por la opinión emitida en esa fecha en el presente caso.

[2] La controversia consistía en si los miembros de la Junta ausentes durante ciertas sesiones conocían o no la evidencia al dictar la resolución que sirvió de base a los decretos impugnados.

faltaba por transcribir, lo cual les fué leído directamente de las notas taquigráficas.

La resolución emitida por la Junta no fué impugnada en forma alguna por los recurrentes. Procede, pues, pasar a considerar la única cuestión que queda por resolver en este caso: determinar si las condiciones impuestas a la industria azucarera por el decreto número 3 referente a salarios mínimos, horas máximas de labor, etc., están sostenidas por la evidencia que se presentó ante la Junta.

El decreto impugnado fué aprobado unánimemente por los nueve miembros que entonces constituían la Junta, incluyendo al señor Serrallés, quien si bien no lo firmó por la circunstancia de haber tenido que ausentarse precipitadamente para los Estados Unidos, estuvo conforme con el mismo.

Examinada la prueba que ante sí tuvo la Junta, debemos concluir que existe evidencia sustancial para sostener la resolución que sirvió de base al decreto impugnado. El estudio de los peritos admitido en evidencia tiende a demostrar que los salarios fijados y las normas de trabajo promulgadas son justos, y que la industria azucarera puede razonablemente pagar los salarios y trabajar de acuerdo con las normas establecidas.

Habida cuenta de que conforme resolvió la Junta, los miembros de la misma que estuvieron ausentes de las sesiones al dictarse la resolución que sirvió de base al decreto número 3 actuaron con conocimiento de la prueba; y considerando además que los salarios fijados y las normas establecidas son razonables y están sostenidos por evidencia sustancial, *procede reconsiderar nuestra sentencia dictada en este caso en cuanto anuló el decreto número 3, y declararlo por la presente válido.*