MARCOS RUIZ IRIZARRY, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. LORENZO LAGARDE GARCÉS, JUEZ, demandada.

Núm. 1849.—*Sometido:* Mayo 5, 1950. *Resuelto:* Mayo 11, 1950.

*Carlos E. Colón,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

A Marcos Ruiz Irizarry se le acusó ante la Corte de Distrito de Ponce de haber infringido lo dispuesto en el artículo 10 (a) de la Ley núm. 228 de 12 de mayo de 1942 (pág. 1269), en relación con la Orden Administrativa núm. 196 de 21 de octubre de 1949 expedida por el Administrador General de Suministros, porque en 7 de febrero de 1950, siendo dueño de una tienda pulpería en Guayanilla, vendió a Antonio Irizarry Irizarry una libra de café crudo, en 51 centavos, no obstante ser 36 centavos el precio máximo por libra al consumidor autorizado por el Administrador General de Suministros. A esa acusación presentó el acusado excepciones parentorias de falta de hechos constitutivos de delito público y de falta de jurisdicción en la corte para entender en el caso. Sostenía que el Administrador no tenía autoridad legal para promulgar dicha orden administrativa; que el café no es un producto de primera necesidad y que no siéndolo no está cubierto por las disposiciones de la Ley 228; que al promulgar la citada orden el Administrador no se aconsejó con personas representativas de la industria cafetalera, ni consultó con éstas; que la orden no fué publicada por tres días consecutivos en un periódico de circulación general; y que la corte no podía tomar conocimiento judicial de dicha orden administrativa.

Señalado día para discutir las cuestiones de derecho así suscitadas, el fiscal del distrito solicitó la suspensión de la vista, a fin de estudiar dichas cuestiones con mayor detenimiento. Más tarde se allanó a dichas excepciones por encontrar, entre otras cosas, que la orden del Administrador que sirvió de fundamento a la acusación no estaba apoyada en la conclusión de que los precios del café han subido o amenazan subir. (1) Solicitado nuevamente por el acusado el señalamiento de un día para discutir sus excepciones perentorias,

---

(1) En el párrafo inicial de la Orden Administrativa núm. 196 el Administrador General de Suministros hace constar que "El mercado mundial de café ha tenido un alza considerable y continua últimamente debido a escasas existencias y a producción limitada en los países de origen de este grano. . . ."

la corte recurrida así lo hizo y el día señalado dictó una extensa resolución verbal en la que finalmente hizo constar que no obstante el allanamiento del ministerio público, declaraba sin lugar las excepciones perentorias de referencia por carecer de jurisdicción para conocer y resolver las mismas, a tenor de lo provisto por los artículos 11 y 12 de la aludida Ley núm. 228 de 1942. Solicitada reconsideración por el acusado la misma fué declarada en el acto sin lugar. Para revisar la resolución denegatoria de las excepciones perentorias dictadas por la corte a quo nos pide el acusado que expidamos un auto de *certiorari*.

■■ Refiriéndonos a grandes rasgos a la Ley núm. 228, supra, hallamos que por el artículo 3 (*a*) de la misma, según fué enmendado por la Ley núm. 493 de 1946 (pág. 1475), se dice que "Cuando en el criterio del Administrador el precio o precios de artículos de primera necesidad. . . hayan subido o amenacen subir. . . dicho Administrador podrá mediante reglas u órdenes, establecer aquellos precios máximos. . . que en su criterio sean generalmente justos y equitativos y que ponga en vigor los propósitos de esta Ley"; por el artículo 10 (*a*) que "será ilegal, . . . la venta o entrega por persona alguna de cualquier artículo de primera necesidad . . . en violación de cualquier regla u orden expedida bajo esta Ley . . ."; por el artículo 11 (*a*) que "Dentro de los diez (10) días siguientes a la promulgación de cualquier regla u orden, o de una escala de precios, cualquier persona sujeta directamente a las disposiciones de dicha regla, u orden o escala de precios, podrá, de acuerdo con los reglamentos que prescriba el Administrador, radicar una solicitud de reconsideración especificando sus objeciones a cualquiera de dichas disposiciones, . . ."; que "En cualquier tiempo después de la expiración de dichos diez (10) días, cualquier persona sujeta a las disposiciones de cualquier regla, u orden o escala de precios, podrá radicar tal solicitud de reconsideración basada solamente en fundamentos ocurridos después de la expiración de los referidos diez (10) días", y por el

artículo 12, inciso (*a*) que "Cualquier persona perjudicada por la denegación o parcial denegación de su solicitud de reconsideración podrá, dentro de los diez (10) días siguientes al archivo de la notificación de tal denegación, radicar una petición ante. el Tribunal de Apelación de Suministros . . ."; que "Al radicarse la petición *la corte tendrá jurisdicción exclusiva para revocar tal regla, orden o escala de precios en todo o en parte, o para desestimar la petición o para devolver los procedimientos . . .*"; por el inciso (*b*) que "La efectividad de una sentencia de la Corte (de Apelación de Suministros), revocando en todo en parte cualquier regla, orden o escala de precios, se pospondrá hasta la expiración de treinta (30) días desde que sea archivada, a menos que se presente un recurso de certiorari ante el Tribunal Supremo de Puerto Rico dentro de dichos treinta (30) días"; por el inciso (*c*) ". . . se crea una Corte de Apelación de Suministros que se compondrá de un juez nombrado por el Gobernador de Puerto Rico de entre los Jueces de la Corte de Distrito de San Juan"; y por el inciso (*d*) "*La Corte de Apelación de Suministros y el Tribunal Supremo de Puerto Rico, al revisar las sentencias y órdenes del Administrador General de Suministros, tendrán jurisdicción exclusiva para determinar la validez de cualquier regla u orden o escala de precios y de cualquier provisión de tal regla u orden o escala de precios*", y que "*Excepto en la forma en que se provee en este artículo, ningún tribunal tendrá jurisdicción o poder para considerar la validez de cualquier regla u orden o escala de precios o para suspender, restringir o impedir por medio de un 'injunction', o para revocar o anular en todo o en parte cualquier disposición de esta Ley autorizando la promulgación de tales reglas u órdenes, o para impedir que sea efectiva una escala de precios, o cualquier provisión de cualquiera de dichas reglas u órdenes o escalas de precios, o para expedir un auto de 'injunction' para detener la vigencia y aplicación de cualquiera de dichas disposiciones.*" (Bastardillas nuestras.)

Conforme dijimos en *South P. R. Sugar* v. *Corte de Apelación, etc.*, 70 D.P.R. 629, 636 (²) "Los artículos de la Ley 228, . . . fueron copiados casi al pie de la letra de la Ley Federal de Emergencia sobre Control de Precios de 1942." 50 U.S.C.A. App., págs. 313 *et seq.*

Interpretando las secciones 203 y 204 de la referida Ley Federal de Emergencia (50 U.S.C.A. App. 363, 367, secciones 923 y 924) el Tribunal Supremo de la Nación se expresó así en el caso de *Yakus* v. *United States*, 321 U. S. 414, 429:

". . . Las disposiciones de la sección 204 (*d*), que otorga a la Corte de Apelaciones de Emergencia y a este Tribunal 'jurisdicción exclusiva para determinar la validez de cualquier regla u orden' unida a la disposición de que 'ninguna corte, federal, estatal o territorial tendrá jurisdicción o poder para considerar la validez de cualquier regla', son lo suficientemente amplias en sus términos para privar a la corte de distrito de facultad para considerar la validez de la regla u orden del Administrador como defensa en una causa criminal por su infracción. . . ."

Luego de referirse una vez más a la sección indicada, dicho tribunal manifestó que esto claramente significa que la validez de las reglas u órdenes administrativas no debe estar sujeta a ataque en una causa criminal por su infracción, por lo menos antes de que su nulidad haya sido adjudicada dentro del procedimiento de protesta prescrito por el estatuto.

Lo provisto por el artículo 12 (*d*) al conferir *jurisdicción exclusiva* a la Corte de Apelación de Suministros y a este Tribunal Supremo para revisar las reglas u órdenes del Administrador General de Suministros, indica de la manera más palmaria que las reglas, órdenes o escalas de precios del Administrador sólo pueden ser atacadas por las personas sujetas directamente a sus disposiciones a virtud del procedimiento específico y terminante provisto en los artículos 11

---

(²) Un examen de este caso demostrará que las allí peticionarias siguieron el procedimiento administrativo provisto por la Ley.

y 12, supra, y que no se puede hacer un ataque a dichas reglas, órdenes o escalas de precios mediante *injunction* dentro de un procedimiento criminal o en cualquiera otra forma.

Dadas las anteriores consideraciones, llegamos a la conclusión de que no autorizando la Ley que en causas criminales se hagan ataques como el intentado por el aquí peticionario a la validez de órdenes del Administrador General de Suministros, *debe declararse no haber lugar a expedir el auto de certiorari solicitado.* (³)

(³) La constitucionalidad de disposiciones similares a la aquí envuelta fué sostenida por el Tribunal Supremo de Estados Unidos en los casos de *Lockerty* v. *Phillips,* 319 U.S. 182 y *Yakus* v. *United States,* supra.