FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ CUEVAS MARTÍNEZ, demandado y apelante.

Núm. 10272.—*Sometido:* Febrero 2, 1951.   *Resuelto:* Febrero 12, 1951.

*Enrique Báez García,* abogado del apelante; *Ramón Cancio, Joaquín Gallart Mendía* y *Pedro Santana,* abogados del Departamento del Trabajo y a su vez del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Un investigador del Departamento del Trabajo expidió una citación al patrono-demandado, requiriéndole para que compareciera ante él y produjera las nóminas de pago de su negocio durante determinado período en relación con dos de sus empleados y los recibos que alegaba tener dicho patrono en su poder como constancia de haber pagado a dichos obreros todos sus jornales devengados durante el referido período. El demandado se negó a producir los documentos. A solicitud del Comisionado, y luego de una vista, la corte de distrito dictó una orden requiriendo al demandado so pena de desacato para que cumpliera con la citación del Comisionado. El demandado ha apelado de dicha orden de la corte de distrito. (¹)

El apelante señala dos errores. Primeramente, que la corte inferior no podía dictar dicha orden "sin que existiera querella alguna contra el querellado." En segundo lugar, la sección 5 de la Ley núm. 15, Leyes de Puerto Rico, 1931 (pág. 169), según fué enmendada por la Ley núm. 24, Leyes de Puerto Rico, 1949, Primera Sesión Extraordinaria (pág. 51), es inconstitucional en tanto en cuanto obliga a un patrono a entregar al Comisionado del Trabajo documentos que constituyen prueba de defensa del patrono antes de radicarse una querella. En sus alegatos ambas partes argumentan. estos dos errores conjuntamente.

En el presente caso ambos empleados de hecho instaron querellas verbales ante el Departamento del Trabajo. En consecuencia el apelante limita su contención en cuanto al primer error al punto de que él tiene derecho a conocer los términos de la querella y de que no puede obligársele a pro-

---

(¹) Una orden de esta naturaleza es final y en consecuencia apelable. *Ellis* v. *Int. Com. Comm.*, 237 U. S. 434; *Cobbledick* v. *United States*, 309 U. S. 323; *Penfield Co. of Cal.* v. *Securities and Exch. Com'n.*, 143 F.2d 746, *certiorari* denegado, 323 U. S. 768.

ducir los documentos hasta que se le informen los mismos por escrito. No estamos de acuerdo. Es cierto que la sección 5 impone al Comisionado el deber de investigar querellas de esta naturaleza. Pero aun cuando no hubiera querella alguna, la sección 5 también exige al Comisionado que practique la correspondiente investigación cuando tenga motivos para creer que se está infringiendo cualquiera de las leyes protectoras del trabajo. (²) Toda vez que el apelante puede ser obligado a producir sus libros aun cuando no exista querella alguna, carece de base su contención de que tiene derecho a recibir por escrito los términos de una querella,

---

(²) La sección 5 prescribe en parte como sigue:

"Será deber del Comisionado hacer cumplir las leyes protectoras del trabajo.

"El Comisionado, o cualquier empleado del Departamento del Trabajo que él designare, investigará toda querella en la cual se alegue que se ha violado cualquiera de las leyes protectoras del trabajo en vigor o que se aprobaren en lo sucesivo.

"Será también obligación del Comisionado llevar a cabo, por sí o por medio de· cualquier empleado del Departamento del Trabajo que él designare, la investigación correspondiente cuando tuviere motivos parà ·creer que en cualquier industria, negocio u ocupación o en el caso específico de cualquier obrero se está violando .cualquiera de las leyes protectoras del trabajo en vigor o que se aprobaren en lo sucesivo.

"En el cumplimiento de tales deberes de investigación, o de cualesquiera otros deberes que se le imponen por esta Ley o que se le impongan o se le impusieren por cualquier otra ley, y en el ejercicio de las facultades que las mismas le confieren o le confieran, el Comisionado del 'Trabajo o sus agentes debidamente autorizados podrán recibir testimonios, tomar juramentos, expedir citaciones requiriendo la comparecencia de testigos y la presentación de cualquier evidencia, documental o de otra índole, que dicho Comisionado del Trabajo estime necesaria, incluyendo nóminas, libros de contabilidad, ·constancia de salarios y horas de labor y listas de pago.

"Si una citación expedida por el Comisionado del Trabajo o sus agentes no fuese debidamente cumplida, el Comisionado del Trabajo podrá comparecer ante cualquier corte de distrito y pedir que la corte ordene ·el cumplimiento de la citación. Las cortes de distrito tendrán jurisdicción para dictar órdenes judiciales haciendo obligatoria la comparecencia de testigos o la presentación de cualquier evidencia, documental ·o de otra índole, que el Comisionado del Trabajo o sus agentes hayan previamente requerido. Las cortes de distrito tendrán facultad para castigar por ·desacato la desobediencia de tales órdenes."

antes de que se le obligue a producir su documentación. *Okla. Press Pub. Co.* v. *Walling*, 327 U. S. 186. (³)

En cuanto al segundo error, el alegato del apelante no discute el punto constitucional. Por consiguiente podríamos resolver el caso sin discutirlo. De cualquier modo, el problema ha sido claramente resuelto por el caso de *Oklahoma Press Publishing Company*, en el cual se sostuvo un estatuto federal similar, resolviéndose que tales poderes de investigación y citación por parte del Administrador Federal son iguales a los de un gran jurado, y que el ejercicio de los mismos está gobernado por las mismas limitaciones, que no incluyen el de que se radique una querella antes de que se pueda obligar a un patrono a producir sus libros. Véase también, *Interstate Commerce Comm.* v. *Brimson*, 154 U. S. 447.

██ Si bien no señala un error específico, el apelante también arguye que sus libros ya habían sido examinados antes por un investigador del Departamento del Trabajo. El Comisionado alega en contrario que del expediente sólo surge que el investigador visitó al demandado en virtud de una "invi-

---

(³) En el caso de *Oklahoma Press Publishing Co*. la corte dijo a las págs. 198–201:

"La Sección 11 (*a*) expresamente autoriza al Administrador a 'entrar e inspeccionar aquellos lugares y aquellos documentos (y sacar aquellas copias de los mismos), interrogar aquellos empleados, e investigar aquellos hechos, condiciones, prácticas, o materias, que estime necesarios o apropiados para poder determinar si alguna persona ha infringido cualquier disposición de esta Ley, o que puedan ayudar en la ejecución de las disposiciones de esta Ley.' El poder de expedir citaciones conferido por la Sección 9 (traído de la Sección 9 de la Ley creando la Comisión de Comercio Federal) se otorga para ayudar a esta investigación y, en caso de desobediencia, las cortes de distrito son las llamadas a hacer cumplir dicha citación mediante procedimientos de desacato, sin condición expresa alguna de que se demuestre que la ley cubre al citado.

"Atendidas estas disposiciones, cumplidas a cabalidad por la actuación del Administrador, este caso presenta una situación del 'más explícito lenguaje' que no deja lugar para cuestionar la intención del Congreso. El verdadero fin de la citación y de la orden, así como de la investigación autorizada, es descubrir y conseguir evidencia, no para probar una imputación o querella pendiente, sino para poder basar una si, a juicio del Administrador, los hechos recién descubiertos lo justifican."

tación de amigos", pero que no se efectuó examen o investigación alguna propiamente dicha. No vemos propósito alguno en discutir .esta cuestión. Aun suponiendo que los libros ya se habían examinado por el investigador, la sección 5 claramente tiene por miras que, por razones de conveniencia administrativa, el patrono puede ser requerido para que los presente en las oficinas del Departamento, siempre y cuando que, según admite el Comisionado, la orden no sea irrazonable u opresiva y que se tomen las precauciones necesarias para impedir su pérdida o mutilación. *Okla. Press Pub. Co.* v. *Walling,* supra, págs. 216–18.

*La orden de la corte de distrito será confirmada.*