FERNANDO SIERRA BERDECÍA, Comisionado del Trabajo, etc., querellante y apelado, *v.* SOUTH PORTO RICO SUGAR CO. (OF PUERTO RICO), querellada y apelante.

Núm. 10503.—*Sometido:* Noviembre 5, 1951. *Resuelto:* Febrero 18, 1952.

*James R. Beverley,* *R. Castro Fernández* y *Francisco Castro Amy,* abogados de la apelante; *Joaquín Gallart Mendía,* abogado del apelado y a su vez del Departamento del Trabajo.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En representación y para beneficio de 967 empleados de la industria azucarera, ([1]) el Comisionado del Trabajo de Puerto Rico presentó ante la Corte de Distrito de Ponce, en 12 de agosto de 1948, una querella contra la South Porto Rico Sugar Co. (of Puerto Rico). Alegó en ella en esencia que en la explotación de su negocio de fabricación de azúcar de caña y en su Central Guánica la querellada empleó en diferentes ocupaciones desde el 29 de abril de 1943 hasta el 29 de mayo de 1946 a las personas cuyos nombres figuran en el apéndice "A", unido y hecho parte de la querella, al cambiarles el turno de trabajo durante más de ocho horas en distintos períodos de veinticuatro horas, sin que les pagara por las horas así trabajadas en exceso de ocho a razón del doble del tipo de salario correspondiente, en violación de lo dispuesto por el apartado A-2(a) (sic) del Decreto Mandatorio núm. 3 de la Junta de Salario Mínimo; que la querellada adeuda por el concepto alegado a los referidos obreros la suma de $34,648.82; ([2]) que ésta se ha negado a pagar a los empleados referidos el dinero a cada uno de ellos adeudado, ignorando además el querellante si aquélla pagó a éstos la suma de $4,407.72 por concepto de tiempo extra de la novena hora; y que en adición a la referida cantidad el querellante reclama de la querellada para beneficio de dichos trabajadores una suma de dinero igual a la que a cada uno de ellos se adeuda, en concepto de penalidad adicional, de acuerdo con lo provisto en la sección 25 de la Ley de Salario Mínimo. ([3])

([1]) Posteriormente se aumentó a 975 el número de personas para cuyo beneficio se instaba la querella.

([2]) Esa suma se rebajó posteriormente a $30,304.13.

([3]) La sección 25 de la Ley núm. 8 de 1941 (págs. 303, 325), según fué enmendada por la Ley 217 de 1945 (págs. 681, 701) y por la Ley 451 de 1947 (págs. 951, 969) provee que: "Todo obrero o empleado que por su trabajo reciba compensación distinta o inferior a la prescrita para cualquier industria, negocio u ocupación de acuerdo con esta ley o cualquier decreto, reglamento, resolución u orden de la Junta, tendrá derecho a co-

Contestó la querellada negando adeudar suma alguna a los referidos trabajadores, así como no haberles pagado los mencionados $4,407.72 por concepto de tipo doble por la novena hora, y alegando por el contrario haber efectuado ese pago. Como primera defensa alegó que la querella no aduce hechos constitutivos de causa de acción en su contra y como segunda defensa solicitó se desestimara la querella por los motivos siguientes:

"(a) Porque el Decreto Mandatorio núm. 3 de la Junta de Salario Mínimo de Puerto Rico, en el cual está basada la reclamación hecha en la querella radicada en este caso, es ilegal y nulo en tanto en cuanto permite y legaliza el trabajo diario en exceso de la novena hora, en abierta violación de las disposiciones de la Ley núm. 49 de 1935;

"(b) Porque el referido Decreto núm. 3 impone una penalidad adicional a la impuesta por la referida Ley núm. 49 de 1935, a saber: Tipo doble por horas trabajadas en exceso de la novena hora, y la Junta de Salario Mínimo de Puerto Rico carece de facultad para imponer tal penalidad;

"(c) Porque si a la Junta de Salario Mínimo de Puerto Rico se le hubiese dado la facultad de imponer penalidad por emplear o permitir que se trabaje por más de ocho horas al día, tal facultad sería nula e inexistente por constituir una indebida delegación de una facultad legislativa;

"(d) Porque los trabajadores para cuyo beneficio se hace la reclamación en la querella radicada en este caso, están impedidos (estopped) de hacer tal reclamación."

Solicitada por el querellante la eliminación de la segunda defensa en su totalidad, la corte inferior declaró la misma sin lugar en lo que a los apartados a, b y c de esa defensa concernía y la sostuvo en cuanto al apartado d, ordenando la eliminación del mismo.

Así las cosas, en 11 de octubre de 1949 las partes radicaron una estipulación, cuyos párrafos esenciales rezan del siguiente modo:

---

brar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda *más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de penalidad adicional,* . . ." (Bastardillas nuestras.)

"4. Que el querellante acepta, luego de haber hecho que se practicara la correspondiente investigación, que la querellada pagó a dichos empleados la suma de $4,390.96 por concepto de tipo doble por la novena hora de trabajo, según dicha suma se descompone en el *Exhibit* 'I' que se une y se hace formar parte de la presente estipulación.

"5. Que la querellada acepta que de resolverse que venía obligada a pagar a los referidos empleados a tipo doble todas las horas trabajadas por ellos en exceso de la novena, debió haberles pagado por tal concepto la suma de $30,304.13, según la misma se descompone en el Exhibit 'I' que se une y se hace formar parte de la presente estipulación.

"6. Que, en vista de lo que se deja estipulado, no existe entre las partes controversia de hecho alguna, quedando pendiente el caso de la decisión de las cuestiones de derecho formuladas por la querellada en su contestación enmendada, las cuales pueden discutirse mediante alegato."

Sometido de ese modo el caso a la consideración y resolución de la corte inferior, ésta dictó una extensa opinión con fecha 3 de abril de 1951 cuyos dos párrafos finales se leen de la siguiente manera:

"A tenor con los razonamientos expuestos en esta opinión, forzoso es concluir que esta corte carece de competencia y/o jurisdicción para poder considerar y resolver en relación con los fundamentos alegados en la segunda defensa para que se desestime la querella, por lo que debe y tiene que declararlos sin lugar.

"Habiéndose aceptado los hechos por la estipulación de fecha 11 de octubre de 1949, que fué aprobada por la corte el 18 del mismo mes y año, forzoso es declarar como se declara con lugar la querella, y en su consecuencia se condena a la querellada South Porto Rico Sugar Co. (of Puerto Rico) a pagar a los obreros representados por el Comisionado del Trabajo y que se relacionan en el Exhibit 'I' que forma parte de la estipulación sometida y aprobada por la corte, como las personas a nombre de quien se instituyó la acción y en la proporción y cuantía que allí se relacionan, la cantidad de $30,304.13, más una otra (sic) igual de $30,304.13 como compensación de daños liquidados (Apartado A-2(*a*) del Decreto Mandatorio núm. 3 de la Junta de Salario Mínimo; *Tulier* v. *Autoridad de Tierras*, 70 D.P.R.

267) para ser también distribuída en cantidades iguales a las que les corresponden como salarios devengados y no recibidos, lo que hace un total a ser pagado y satisfecho por la querellada al querellante para los obreros por él representados, de Sesenta Mil Seiscientos Ocho Dólares con Veintiséis centavos ($60,608.26); sin especial condena de costas."

De la sentencia dictada en armonía con esos dos párrafos apeló la querellada. Sostiene ahora que el tribunal inferior erró: (1) al declararse sin jurisdicción para considerar y resolver las cuestiones de derecho planteadas en la segunda defensa de la contestación enmendada; (2) al no declarar ilegal y nulo el apartado B-2(a) del Decreto Mandatorio núm. 3 de la Junta de Salario Mínimo de Puerto Rico en tanto en cuanto permite o legaliza el trabajo diario en exceso de la novena hora; (3) al no declarar ilegal, nula e inexistente aquella parte del apartado B-2(a) del Decreto Mandatorio núm. 3 que impone la obligación de tener que pagar a tipo doble por horas trabajadas en exceso de la novena hora, por carecer la Junta de Salario Mínimo de facultad para imponer tal penalidad; y (4) en la hipótesis de que a la Junta de Salario Mínimo se le hubiese. dado la facultad de imponer una penalidad por emplear o permitir que se trabaje más de ocho horas al día, al no declarar inconstitucional y nula la delegación de tal facultad.

El primer error señalado no fué cometido. Por la Ley 8 de 5 de abril de 1941 (pág. 303) se creó en el Departamento del Trabajo una Junta de Salario Mínimo con las facultades necesarias para llevar a cabo los fines de esa ley, con el deber de nombrar un Comité de Salario Mínimo para investigar las condiciones de trabajo prevalecientes en ciertas ocupaciones, negocios o industrias y, con vista del informe que dicho Comité debe rendirle y previa audiencia pública de las partes interesadas y del público, con autoridad para fijar: (1) el tipo mínimo de salario que deberá pagarse a los trabajadores empleados en la ocupación, negocio o industria en cuestión, o en la operación, rama, proceso o actividad de la

ocupación, negocio o industria de que se trate...y (2) el
máximo de horas de labor consistente con la salud, la segu-
ridad y el bienestar general de los trabajadores en dicha ocu-
pación, negocio o industria;..." Por la sección 9 de esa ley
se dispuso que "tan pronto como la Junta fijare el día y sitio
para la celebración de una audiencia pública con el objeto de
considerar y determinar lo que se expresa en la sección ante-
rior, procederá a anunciar dicha audiencia mediante avisos
que se publicarán por lo menos en un periódico de general
circulación en la Isla, con no menos de diez (10) días de
anticipación"; por la sección 10 que "después de celebrada
dicha audiencia, la Junta deberá dictar un decreto manda-
torio, que será efectivo sesenta (60) días después de su pro-
mulgación, ..."; por la sección 20 que "el salario mínimo
que la Junta fijare como se dispone en esta ley será el tipo
mínimo que los patronos vendrán obligados a pagar..." y
que toda persona que pagare a cualquier trabajador un sala-
rio inferior a dicho mínimo incurrirá en un delito menos
grave; y por la sección 24, en lo aquí pertinente, lo que
pasamos a copiar en seguida:

"(a) .    .    .    .    .    .    .    .    .    .

"(b) Las conclusiones de hecho a que llegue la junta ac-
tuando dentro de sus poderes será, en ausencia de fraude, con-
cluyente; *Disponiéndose*, que cualquier persona perjudicada di-
recta o indirectamente por cualquier decreto o regla de la junta,
puede solicitar de ésta una reconsideración dentro de los veinte
(20) días de haberse promulgado dicho decreto o regla. La
solicitud de reconsideración debe hacerse bajo juramento y en
ella se especificarán sus fundamentos; *Disponiéndose*, que sólo
podrá concederse una reconsideración por una de las siguientes
causas: que la junta actuó sin autoridad o en exceso de sus
poderes; o que el decreto, regla u orden se obtuvo mediante
fraude.

"Contra la resolución final que dictare la junta sobre el
particular, podrá solicitarse revisión ante el Tribunal Supremo
de Puerto Rico dentro del término de quince (15) días después
de su notificación. *El tribunal podrá confirmar o desestimar la*

*decisión de la junta pero la desestimación sólo tendrá lugar por uno de los siguientes fundamentos:*

*"Que la junta actuó sin autoridad o en exceso de sus poderes; o que el decreto, regla u orden se obtuvo mediante fraude."* (Bastardillas nuestras).[4]

Tomamos conocimiento judicial de que allá para el 7 de mayo de 1943 la querellada South Porto Rico Sugar Co. acudió ante este Tribunal con el recurso de revisión autorizado por el párrafo segundo del inciso (b) de la sección 24, supra, y de que en 6 de junio de 1944 este Tribunal dictó resolución en el mismo haciendo constar que "Por los motivos consignados en la opinión emitida con fecha 31 de mayo de 1944 en el recurso de revisión número 11, Luce & Co., S. en C., peticionaria, v. Junta de Salario Mínimo, demandada, se reconsidera nuestra sentencia dictada el 23 de septiembre de 1943 en los casos arriba indicados en cuanto anuló el Decreto núm. 3, el cual por la presente se declara válido." Véanse *Luce & Co.* v. *Junta de Salario Mínimo*, 62 D.P.R. 452 y 63 D.P.R. 706. ¿Debe, a virtud de ello, estar la querellada impedida de atacar nuevamente la validez del Decreto Mandatorio núm. 3? En la afirmativa ha de ser contestada la pregunta. No dice esa sección de manera clara y terminante que el procedimiento en ella provisto sea exclusivo. Empero, su contexto no deja lugar a dudas de que una vez que el mismo ha sido agotado no se puede atacar colateralmente, ni en procedimiento independiente, la validez de un decreto aprobado por la Junta de Salario Mínimo. Se ha visto que luego de una audiencia amplia ante la Junta y de dictarse resolución definitiva por ésta, puede solicitarse la revisión de esa resolución por este Tribunal, dentro de cierto período de tiempo, pudiendo nosotros confirmarla o desestimarla. Tal resolu-

(4) Las enmiendas introducidas a la Ley 8 de 1941 por las leyes 217 de 11 de mayo de 1945 (págs. 681, 699) y 451 de 14 de mayo de 1947 (págs. 951, 969), no son aquí pertinentes, toda vez que para la fecha en que se promulgó y empezó a regir el Decreto Mandatorio núm. 3 (éste fué promulgado el 27 de febrero de 1943 y empezó a regir sesenta días después de su promulgación) las acciones citadas regían en la forma antes copiada.

ción, sin embargo, por disposición expresa del estatuto sólo podrá ser desestimada por este Tribunal debido a que la Junta actuó sin autoridad o en exceso de sus poderes, o porque el decreto, regla u orden se obtuvo mediante fraude.

La querellada, repetimos, acudió ante nos en su oportunidad con el recurso de revisión autorizado por la ley. En ese recurso, cierto es, no planteó algunas de las cuestiones que ahora suscita. No obstante, dada la forma en que está fraseada la referida sección, ella tuvo la oportunidad de plantearlas dentro del recurso de revisión. Si no lo hizo a nadie más puede culpar que a sí misma. El permitírsele que ahora, en la acción entablada en su contra a nombre de unos obreros, impugne colateralmente la validez del decreto equivaldría a autorizar que se litigue fraccionadamente, que en otro foro y en recurso distinto al previsto taxativamente por ley se ataque la validez de un decreto y que se adultere el procedimiento. No fué ése el espíritu que animó al legislador al aprobar la citada Ley 8 de 1941. Su lectura claramente revela que el propósito que le inspiró no fué otro que proteger al trabajador en sus normas mínimas de vida necesarias para su salud, eficiencia y bienestar mediante la aprobación de decretos que una vez aprobados por la Junta de Salario Mínimo pudieran ser revisados, a virtud de un recurso rápido, por el Tribunal más alto de la Isla y que una vez declarados válidos por nosotros pudieran tener toda eficacia y efectividad, sin que se les pudiera atacar posteriormente. En su consecuencia, llegamos a la conclusión de que el Decreto núm. 3 envuelto en este litigio no puede ser impugnado en la forma en que pretende la querellada y de que el tribunal inferior actuó acertadamente al declararse sin jurisdicción para conocer de las cuestiones por ella planteádasle con el objeto de invalidarlo. Véanse *Myers* v. *Bethlehem Corp.*, 303 U. S. 41, 82 L. ed. 638; *Inghram* v. *Union Stock Yards Co.*, 64 F.2d 390; 28 Calif. L.Rev. 129, 155, 166; Gellhorn, *Administrative Law*, Ed. 1940, pág. 793; *Jordan Marsh Co.* v. *Labor Relations Com'n*, 312 Mass. 597; *United States*

v. *Sharp*, 188 F.2d 311; Cf. *Anniston Mfg. Co.* v. *Davis*, 301 U.S. 337, 81 L. ed. 1143; *Black River Valley Broadcasts* v. *McNinch*, 101 F.2d 235.; *Securities and Exchange Commission* v. *Andrews*, 88 F.2d 441; *Stockton* v. *Department of Employment*, 153 P.2d 741; *Yakus* v. *United States*, 321 U.S. 414, 88 L. ed. 834; *Medina* v. *Hato Rey Realty Co.*, 72 D.P.R. 638, 642; *Pueblo* v. *Eastern Sugar Associates*, 72 D.P.R. 587, 591; *Ruiz* v. *Corte*, 71 D.P.R. 384; *Colón* v. *Comisión de la Policía Insular*, 72 D.P.R. 892. · Desde luego, no obstante carecer de jurisdicción para conocer de las cuestiones levantadas por la querellada en relación con la validez del decreto, el tribunal inferior tenía jurisdicción para resolver en sus méritos el caso que tenía ante sí y, con vista de la estipulación suscrita por las partes, para dictar la sentencia que dictó.

Dada la conclusión a que antes hemos llegado, se hace innecesario considerar los demás errores señalados.

*Debe confirmarse la sentencia apelada.*