**UNITED STATES of America**

**v.**

**Ramon MEJIAS Rodriguez.**

**UNITED STATES of America**

**v.**

**Ramon MEJIAS Rodriguez, Rosario Santos Medina, Isaac Nathan and Alejandro Garcia.**

**Crim. Nos. 7244, 7245.**

United States District Court
D. Puerto Rico, San Juan Division.

June 3, 1955.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for plaintiff.

James R. Beverley, San Juan, Puerto Rico, for defendant.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for plaintiff.

Estades, Lagarde-Garces and Garcia-Benitez, and Santos P. Amadeo, San Juan, Puerto Rico, for defendants.

RUIZ-NAZARIO, District Judge.

The defendants, in the two above entitled cases, have filed motions to dismiss the indictments, based on the same grounds, to, wit:

(a) In that the indictment in each case fails to state a crime against the United States because it does not negative the exceptions to Title 29 U.S.C.A. § 186(b) contained in section 186(c) of said title. In 7244 Criminal, defendant Mejias adds, in support of this ground of his motion, that the indictment therein does not allege that he did not render any kind of service for the employer, which only amounts to a contention that the indictment does not negative the particular exception contained in subparagraph (1) of said Section 186(c).

(b) That this court does not have jurisdiction over the persons charged and the subject matter alleged in said indictments because the Taft-Hartley Act, Labor Management Relations Act, 1947, 29 U.S.C.A. §§ 151–197, is not applicable to Puerto Rico since the approval by Congress of Public Law 600, c. 446, 64 Stat. 319, 48 U.S.C.A. §§ 731b–731e, 737; 1 L.P.R.A., pp. 125–126, and the approval by Congress of the Constitution of the Commonwealth of Puerto Rico, Public Law 447, c. 567, 66 Stat. 327, 48 U.S.C.A. § 731d note; 1 L.P.R. A., pp. 132–134.

I.

By its order of March 31, 1955 entered in United States v. Waterman Dock Inc., D.C., 131 F.Supp. 956, which is a companion case to these cases, this court has already passed on ground (a) of the said motions. On the strength of the authorities cited and the reasons stated therein, defendants' motions to dismiss must be, therefore, denied, as regards the aforesaid ground (a) thereof.

II.

Neither is the question raised in ground (b) of said motions, new in this jurisdiction.

The Taft-Hartley Act was held applicable to pre-Commonwealth Puerto Rico in National Labor Relations Board v. Gonzalez Padin Co., 1 Cir., 161 F.2d 353, 354–355.

It has also been held applicable to post-Commonwealth Puerto Rico in Cosentino v. International Longshoremen's Ass'n, etc., D.C., 126 F.Supp. 420, at page 422, where the Hon. A. Cecil Snyder, as acting judge of this court, considering a contention of the therein defendant, couched along the same lines that defendants' argument in this case, addressed against the applicability of the Taft-Hartley Act to post-Commonwealth Puerto Rico stated the following:

"In this case they are pure dicta, pure conversational conclusions, precisely because the case has arisen under a statute which was enacted prior to Act No. 600, and applies in this case as though to a State of the Union. I am satisfied that the whole body of Federal laws that apply in the same constitutional way as they do to a State, continue to apply to Puerto Rico wherever they have been previously applicable. Congress could not have meant any other conclusion, nor could Puerto Rico have consented to any other

arrangement. Chaos would have immediately resulted if the contrary conclusion were reached. There are a host of statutes that applied to Puerto Rico without specifically mentioning its name, on the books of the United States Statutes. Personally, as far as I can recall, the probation statute applies to Puerto Rico without specifically mentioning its name. Surely this Court can continue to grant probation, and I believe Mr. Perez Marchand might come in and make exactly the opposite argument on behalf of a client, and I would welcome such an argument, because consistency is demanded only of Courts and not of lawyers, and even Courts reverse themselves, and they should when they are convinced that a previous decision has been erroneous."

Barely a month later, this court, again through Acting Judge Snyder, reiterated the same holding, though then, with reference to the Smith Act, in the following language:

"The petition is denied for substantially the same reasons stated in Cosentino v. International Longshoremen's Ass'n, D.C., 126 F.Supp. 420, decided by this Court on October 2, 1954. As in the latter case, which involved the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., the Smith Act was approved prior to 1952, clearly applied to Puerto Rico at that time, and has not been amended to date with reference to applicability. The Smith Act therefore still applies to Puerto Rico where as here it is being applied in the same manner as it would be applied in one of the States of the Union". Carrion v. Gonzalez, D.C., 125 F.Supp. 819.

The statutory situation has not changed since then.

Moreover, under Section 58 of the former Organic Act of March 2, 1917, c. 145, § 58, 39 Stat. 968, which pursuant to the provisions of Section 4 of Public Law 600, 64 Stat. 319, and under the terms of the compact provided thereunder, was continued in force and effect as part of the "Puerto Rican Federal Relations Act", all federal laws, or parts thereof, applicable to Puerto Rico and not in conflict with any of the provisions of the said Puerto Rican Federal Relations Act, were expressly continued in effect. 1 L.P.R.A. pp. 124, 126, 171.

The provisions of the Taft-Hartley Act, which are in controversy here, do not appear to be in conflict, in any respect whatsoever, with any of the provisions of the Puerto Rican Federal Relations Act and, therefore, they must be held to have been in full force and effect at the time of the alleged commission of the violations of said Taft-Hartley Act charged in the indictments herein.

This order is exclusively concerned with the precise features of the Taft-Hartley Act in controversy in these cases and the precise situation which is being considered herein, but nothing said in this order shall be meant to express any anticipatory or advisory opinion with regard to the applicability of any other features of the Taft-Hartley Act or any other statutory laws of the United States in force at the time the Commonwealth of Puerto Rico came into existence and continued in effect under the Puerto Rican Federal Relations Act, which may be claimed to be locally inapplicable or of any federal statutes enacted thereafter.

Defendants' motions to dismiss must also be denied, as regards the aforesaid ground (b) thereof.

It is so ordered.