James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Felix RUBIO, Defendant.

Civ. No. 9170.

United States District Court D. Puerto Rico, San Juan Division.

April 5, 1956.

**380**

———◆———

Kenneth P. Montgomery, Santurce, P. R., for plaintiff.

Benjamin Ortiz, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This case is before the Court on defendant's motion to dismiss on the ground that the complaint does not state a claim upon which relief can be granted. Defendant's contention is that the Fair Labor Standards Act no longer applies to Puerto Rico and that therefore the Court is without jurisdiction. Although I would be justified in denying the motion for the same reasons stated in United States v. Mejias, D.C., 131 F. Supp. 957, a case involving the Taft-Hartley Act, 29 U.S.C.A. § 141 etc., there is in this case at bar a stronger reason for sustaining the applicability of the statute now before me. This is that Congress, both before and after creation of the Commonwealth of Puerto Rico, expressed its intention to include Puerto Rico within the coverage of the Fair Labor Standards Act by express mention of Puerto Rico in three amendments to the original Act, J. R. of June 26, 1940, c. 432, Sec. (3) (d), 54 Stat. 616, Historical Note to Section 208, Title 29 U.S.C.A.; Act of Oct. 26, 1949, c. 736, sec. 6, and Act of August 12, 1955, Title 29 U.S.C.A. §§ 206(c) and 208. The last amendment refers to section 8 of the Fair Labor Standards Act—precisely the section setting up the procedure for wage orders in Puerto Rico and the Virgin Islands—and among other changes provides: "Effective July 1, 1956, subsection (a) of section 8 of such Act is amended by inserting at the end thereof the following: 'Minimum rates of wages established in accordance with this section shall be reviewed by such a committee at least once each fiscal year'." Surely this is a statute of the class this court has jurisdiction to enforce under Section 9, Puerto Rican Federal Relations Act, 48 U.S.C.A. § 734 (64 Stat. 319, 48 U.S.C.A. § 731b et seq.), Vol. 1, Title I, L.P.R.A., Sec. 9, p. 164: "That the statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States, * * *".

Indeed, the Fair Labor Standards Act has even been held applicable to work performed on leased military bases in Bermuda. See Vermilya-Brown Co. v. Connell, 335 U.S. 377, 69 S.Ct. 140, 93 L. Ed. 76.

Defendant's motion is denied, and he is granted 20 days to answer the complaint.