JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria y apelada, *v.* SIXTO ORTEGA, querellado y apelante.

Número 11636.

*Sometido:* 1 de abril de 1956.  *Resuelto:* 30 de noviembre de 1956.

*Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa, José L. Novas, Vicente M. Ydrach y Jaime Pieras, Jr.,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge y A. Torres Braschi, Ramón Acevedo Oliveras, Miguel Ríos Lugo y Sarah Torres Peralta,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Sixto Ortega opera en Santurce una panadería, repostería y fuente de soda bajo el mismo techo. Una unión radicó ante la Junta Nacional de Relaciones del Trabajo una petición en la que solicitaba se investigara y certificara dicha unión como representante exclusiva para negociar colectivamente con respecto a los trabajadores empleados por Ortega. La Junta Nacional desestimó la petición por el fundamento de que "...no se cumplirían los propósitos de la Ley [Taft-Hartley] si se asumiera jurisdicción en este caso." *Sixto Ortega,* 110 N.L.R.B. 1917. (¹)

La unión entonces radicó una petición similar ante la

_____

(¹) La Junta Nacional asume la posición de que se cumplirían mejor los propósitos de la Ley Federal al no ejercitar su jurisdicción en todo su alcance, sino limitar el ejercicio de la misma a aquellos casos que envuelvan un impacto sustancial sobre el comercio interestatal. Samoff, *Handy Guide to the July, 1954 NLRB Jurisdictional Standards,* 7 Lab.L.J. 667 (nov., 1956) y casos citados; *Office Employees int. Union* v. *National Labor Rel. Bd.,* 235 F.2d 832, 833, escolio 3 (C.A. D.C., 1956); *Labor Board* v. *Denver Bldg. Council,* 341 U. S. 675, 684; *Haleston Drug Stores* v. *National Labor Relations Bd.,* 187 F.2d 418 (C.A. 9, 1951), cert. denegado, 342 U. S. 815; *Local Union No. 12* v. *National Labor Relations Board,* 189 F.2d 1 (C.A. 7, 1951), cert. denegado, 342 U. S. 868.

Al determinar si asumirá jurisdicción, la Junta Nacional aplica en Puerto Rico—lo mismo que en Hawaii, Alaska y las Islas Vírgenes—las mismas normas generales que emplea en los Estados Unidos. *The Virgin Isles Hotels, Inc.,* 110 N.L.R.B. 558; *Union Cab Company,* 110 N.L.R.B. 1921; *Conrado Forestier, d.b.a. Cantera Providencia,* 111 N.L.R.B. 848; *W.P.R.A., Inc.,* 111 N.L.R.B. 1097; *South P. R. Broadcasting Corporation, d.b.a. Radio Station WISO,* 111 N.L.R.B. 272; *Homer W. Robinson, d.b.a. Alaska Beverage Company,* 111 N.L.R.B. 995; Samoff, supra, págs. 735–36. La Junta Nacional no admite que viene obligada a adoptar este enfoque en Puerto Rico desde el 25 de julio de 1952; por el contrario, insiste en que todavía tiene jurisdicción plenaria aquí, *Xavier Zequeira,* 102 N.L.R.B. 874, pero que prefiere no ejercitarla. Dejamos para otra ocasión la cuestión de las respectivas esferas de las facultades de la Junta Nacional y de las Estatales. Véase el último párrafo del escolio 4.

Junta de Relaciones del Trabajo de Puerto Rico solicitando se le certificara como la representante para negociar colectivamente en cuanto a los trabajadores empleados por Ortega a tenor con el art. 5 de la Ley de Relaciones del Trabajo de Puerto Rico.(²)  Nuestra Junta expidió una citación a Ortega de conformidad con el art. 7(c) que aquél se negó a obedecer.  Entonces la junta radicó una petición ante el Tribunal Superior a virtud del art. 7(d) solicitando se obligara a Ortega a dar cumplimiento a su citación.  Luego de radicada una contestación y celebràda la correspondiente vista, el tribunal sentenciador dictó resolución declarando con lugar la solicitud de la Junta, de la cual Ortega ha apelado ante este Tribunal.(³)

■■■■ Ortega sostuvo ante la Junta Nacional que la Ley Taft-Hartley ". . . que es aplicable a los Territorios, no .es aplicable al Estado Libre Asociado de Puerto Rico." 110 N.L.R.B. a la pág. 1917.  Una vez que la Junta Nacional rehusó asumir jurisdicción, Ortega cambió su posición. Al no cumplir con la citación para que compareciera ante nuestra Junta, Ortega alegó que la Junta Nacional tiene jurisdicción exclusiva y que la Junta Estatal no puede asumir jurisdicción aun cuando la primera haya rehusado ejercitar su jurisdicción.

En ausencia de una negativa a asumir jurisdicción, la Junta Nacional tiene jurisdicción exlusiva cuando los actos en cuestión están sujetos a la Ley Taft-Hartley, bien sea en un procedimiento sobre práctica ilícita de trabajo o bien sobre representación.  *Asoc. Empl. Bayamón Transit v. Junta Rel. Trabajo*, 70 D.P.R. 292, 301–04; *Junta Relaciones del Trabajo v. N.Y. & P.R. S/S Co.*, 69 D.P.R. 782; *Junta Rel. del Trabajo v. I.L.A.*, 73 D.P.R. 616.  Pero aquí la Junta Nacional, suponiendo que tuviera jurisdicción, rehusó ejerci-

---

(²) Ley núm. 130, Leyes de Puerto Rico, 1945, según fué enmendada por la Ley núm. 6, Leyes de Puerto Rico, 1946; 29 L.P.R.A. sec. 61 *et seq.*

(³) La resolución del Tribunal Superior es apelable. *Sierra, Comisionado v. Cuevas*, 72 D.P.R. 167, 168, escolio 1.

tarla. 110 N.L.R.B. 1917. Y la jurisprudencia está dividida en cuanto a si bajo dichas circunstancias una negativa a asumir jurisdicción por la Junta Nacional confiere facultad a una Junta Estatal para asumir jurisdicción. (⁴) Esta es una cuestión sustancial que la Corte Suprema de los Estados Unidos aparentemente decidirá durante su actual término, véase escolio 4. Pero en este recurso no debemos pasar sobre la misma.

La cuestión ante nos—si un patrono debe ser obligado a comparecer ante la Junta Estatal—es limitada. No resolvemos que el Tribunal Superior es un sello de goma de la Junta y debe automáticamente ordenar se cumpla con toda citación expedida por ésta. Pueden surgir situaciones en que los casos estén tan claramente fuera de las facultades

(¹) Esta cuestión está planteada específicamente ante la Corte Suprema en *Guss* v. *Utah Labor Relations Board*, 296 P.2d 733 (Utah, 1956), que ha indicado su probable jurisdicción apelativa, 352 U. S. 817, 25, U.S.L. Week 3094, 3103. Los casos de *Fairlawn Meats* v. *Amalgamated Meat Cutters, etc.*, 130 N.E.2d 237 (Ohio, 1955), cert. expedido, 351 U. S. 922–23; *Garmon* v. *San Diego Building Trades Council*, 291 P.2d 1 (Calif., 1955), cert. expedido, 351 U. S. 923, levantan problemas algo similares, si bien en el caso de *Garmon* el Tribunal estatal aplicó la Ley Federal ya que California no tiene Ley de Relaciones del Trabajo. Véanse 104 U.Pa.L.Rev. 1001, comentando el caso de *Garmon*, y 7 Lab. L.J. 664, 666, 713.

En casos anteriores la Corte Suprema ha dejado pendiente esta cuestión. *Building Trades Council* v. *Kinard Construction Co.*, 346 U. S. 933; *Garner* v. *Teamster Union*, 346 U. S. 485, 488; *Bethlehem Co.* v. *State Board*, 330 U. S. 767, 776, 778.

Los casos que expresan criterios encontrados sobre esta cuestión aparecen acopiados en Isaacson, *Labor Relations Law: Federal versus State Jurisdiction*, 42 A.B.A. J. 415, 484, escolio 30. Este problema se discute en detalle en Serrano Geyls, *The National Labor Relations Board Jurisdictional Standards: A Problem in Federalism*, XVI Rev. del Colegio de Abogados 31, 47–65; Torres Peralta, *The Labor Management Relations Act and the Puerto Rico Labor Relations Act: A General Comparison*, págs. 2–15 (tesis sin publicar); *No-man's Land in Labor Relations—A Survey*, 43 Geo.L.J. 67.

Nuestro lenguaje en *Asoc. Empl. Bayamón Transit* v. *Junta Rel. Trabajo*, supra, a las págs. 301–03 y 307, con respecto a jurisdicción exclusiva de la Junta Nacional, no iba dirigido hacia el efecto que pudiera tener la negativa de la Junta Nacional a asumir jurisdicción—bien en un caso específico o en virtud de normas generales—sobre la jurisdicción de nuestra Junta. Por consiguiente, no tuvo por miras cubrir esta última situación.

de la Junta que sea el deber del Tribunal Superior declarar sin lugar la solicitud de la Junta para que se haga cumplir su citación. Pero aquí el derecho de la Junta para actuar en este caso puede finalmente sostenerse. Véase el escolio 4. Bajo estas circunstancias, la cuestión sustancial en cuanto al poder de la Junta para actuar cuando la Junta Nacional rehusa ejercitar su jurisdicción debe litigarse ante la Junta, y no en un procedimiento subsidiario ante el Tribunal Superior. Resolver lo contrario equivaldría a transferirle al Tribunal Superior en este caso específico una controversia, tanto de hecho como de derecho, que por mandato de la Asamblea Legislativa debe determinarse exclusivamente en primera instancia por la Junta. *National Labor Relations Board* v. *Northern Trust Co.*, 148 F.2d 24 (C.A. 7, 1945), cert. dene-

---

De cualquier modo, esta cuestión presumiblemente se resolverá por la Corte Suprema de los Estados Unidos en los casos de *Guss* y de *Garmon*.

En esta jurisdicción tenemos una cuestión adicional: Cuando Puerto Rico pasó a ser un Estado Libre Asociado el 25 de julio de 1952, ¿perdió la Junta Nacional su jurisdicción plenaria sobre actividades en Puerto Rico que son puramente locales y que no tienen impacto alguno sobre el comercio interestatal? Dejamos pendiente esta cuestión, indicando sólo que cuando surja en un caso de representación o de práctica ilícita de trabajo ante nuestra Junta, la cuestión debe determinarse en primera instancia por la Junta y no por el Tribunal Superior en un procedimiento sobre citación, ya que como en el presente caso, el mismo envuelve problemas sustanciales de hecho y de derecho. Sobre los méritos de la cuestión, compárense los criterios opuestos de nuestra Junta y de la Junta Nacional: *Hilton Hotels International, Inc. d.b.a. Caribe Hilton Hotel et al.*, Caso Núm. P. 958, D-141; *Xavier Zequeira*, supra. Y cf. *Consentino* v. *I.L.A.*, 126 F.Supp. 420 (Dist.Ct., P.R., 1954); *Carrión* v. *González*, 125 F.Supp. 819 (Dist.Ct., P.R., 1954); *United States* v. *Mejías*, 131 F.Supp. 957 (Dist. Ct., P.R., 1955); Magruder, *The Commonwealth Status of Puerto Rico*, 15 U.Pitts.L.Rev. 1, 17-18; *United States* v. *Ríos*, 140 F.Supp. 376 (Dist.Ct., P.R., 1956); *Detrés* v. *Lions Building Corporation*, 136 F. Supp. 699 (Dist. Ct., Ill., 1955), revocado en 234 F.2d 596 (C.A. 7, 1956), que a su vez se tornó ilusorio por la Ley Pública 808, del Congreso de los Estados Unidos, aprobada el 26 de julio de 1956. También véanse, en general, *Pueblo* v. *Figueroa*, 77 D.P.R. 188, confirmado en 232 F.2d 615 (C.A. 1, 1956); *Granville-Smith* v. *Granville-Smith*, 349 U. S. 1, 6, que se refieren al "pre-Estado Libre Asociado de Puerto Rico"; y las Reglas 8, 42, 44 y 48 de las Reglas Revisadas de la Corte Suprema de los Estados Unidos, que se encuentran en 346 U. S. 954, 993-94, 995-97 y 998-99, respectivamente, que emplean la palabra "Commonwealth" separada de "Territory".

gado, 326 U. S. 731; *D. G. Bland Lumber Co.* v. *National Labor Rel. Bd.*, 177 F.2d 555 (C.A. 5, 1949) ; *Tobin* v. *Banks & Rumbaugh*, 201 F.2d 223 (C.A. 5, 1953) ; *Endicott Johnson Corp.* v. *Perkins*, 317 U. S. 501; *Okla. Press Pub. Co.* v. *Walling*, 327 U. S. 186; véase *Sierra, Comisionado* v. *Cuevas*, supra.   Al resolver que el patrono debe presentar su contención en cuanto a jurisdicción ante la Junta y no ante el Tribunal Superior bajo las circunstancias de este caso, estamos aplicando el principio general de que toda parte agraviada debe agotar su remedio administrativo antes de que tenga acceso a los tribunales.   *Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Macauley* v. *Waterman S.S. Corp.*, 327 U. S. 540; *Pueblo* v. *Soler*, 74 D.P.R. 450; *Sierra, Com.* v. *South P. R. Sugar Co.*, 73 D.P.R. 157, 164–65.(⁵)

*La resolución del Tribunal Superior será confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.

---

(⁵)Una resolución de la Junta en un procedimiento de representación no es revisable.   *Unión de Trabajadores Agrícolas* v. *Junta de Relaciones del Trabajo*, Resolución de este Tribunal, de fecha 31 de marzo de 1950; *A. F. of L.* v. *Labor Board*, 308 U. S. 401; *Inland Empire Council* v. *Millis*, 325 U. S. 697.   Pero eso no cambia la regla al efecto de que los hechos que gobiernan el caso y la ley aplicables en un procedimiento ante la Junta deben determinarse en primera instancia por dicha Junta y no por el Tribunal Superior en un procedimiento subsidiario.   Si el procedimiento de representación culmina en una certificación designando a una unión como el representante de los trabajadores en cuanto a negociar colectivamente, y luego al patrono se le imputa una práctica ilícita de trabajo por negarse a negociar con la unión, el patrono puede en el recurso de práctica ilícita —que es revisable por nosotros—impugnar la jurisdicción de la Junta. *Rivera* v. *Junta Relaciones del Trabajo*, 70 D.P.R. 5.

En igual forma, el hecho de que el patrono impugne la jurisdicción de la Junta es inmaterial en cuanto a la cuestión ante nos, a menos que, según se ha indicado antes, el caso esté claramente fuera de la facultad de la Junta.   *National Labor Relations Board* v. *Northern Trust Co.*, supra; *D. G. Bland Lumber Co.* v. *National Labor Rel. Bd.*, supra.